160 So.2d 552 (1963)
PHOENIX ASSURANCE COMPANY OF NEW YORK, Appellant,
v.
Carl MERRITT, Appellee.
No. 3834.
District Court of Appeal of Florida. Second District.
December 20, 1963.
Rehearing Denied January 22, 1964.
Roney & Beach, St. Petersburg, for appellant.
Masterson & Lloyd, St. Petersburg, for appellee.
*553 BARKDULL, THOMAS H., Jr., Associate Judge.
By this appeal, a compensation carrier seeks review of an order entered by a chancellor, pursuant to proceedings instituted under § 440.24, Fla. Stat., F.S.A. These proceedings sought to enforce an order previously entered by the Florida Industrial Commission, dated September 26, 1961, as a result of an accident which occurred May 5, 1961 and, in said order, the compensation carrier was required, in part, to do the following:
* * *
"1. Pay to the Claimant temporary total disability benefits at said rate during the duration of Claimant's temporary total disability."
* * *
Subsequent to the issuance of the afore-mentioned order by the Deputy Commissioner, the carrier commenced compliance therewith, making the periodic payments required. Thereafter, in May, 1962, the carrier filed a form with the Florida Industrial Commission advising that it was terminating all payments required under the Deputy Commissioner's order of September 26, 1961, because of the following reason:
"We are suspending compensation on the basis that the claimant's present disability is not related to the accident of May 5, 1961."
This was the identical reason the carrier had given in denying compensation to the claimant at the time the claim was originally filed and upon which issue the Deputy Industrial Commissioner, after adversary hearing, entered his order of September 26, 1961. No review of this order was prosecuted by the carrier, pursuant to the provision of § 440.25, Fla. Stat., F.S.A. Instead, it complied with the order until May, 1962, when it terminated the payments. Thereafter, the appellee filed a petition pursuant to the provisions of § 440.24, Fla. Stat., F.S.A., requiring compliance by the carrier with the Deputy Commissioner's order dated September 26, 1961, which had not been amended, altered, receded from nor interfered with from the date of its entry. Upon the matter coming on for hearing before the chancellor, he adjudicated that the carrier was liable to the appellee for the periodic payments from the date of the unilateral discontinuance by the carrier until the date of his order, and held that he was without jurisdiction to adjudicate matters relating to medical attention and attorney's fees, which would be properly within the jurisdiction of the Deputy Industrial Commissioner and Industrial Commission, pursuant to the provision of Ch. 440, Fla. Stat., F.S.A.
The carrier contends that by its unilateral action it could terminate the periodic payments due the appellee. The appellee responds that after having been awarded compensation upon the contested claim in the first instance, the carrier could not unilaterally terminate his rights under the order of September 26, 1961, particularly when the ground urged for termination of said order was the identical ground urged originally to deny workmen's compensation. We agree with the appellee and hold that until such time as the order of September 26, 1961 is changed, altered or modified by the Deputy Commissioner or Industrial Commission, same remains in full force and effect. Thus, it is necessary that we determine the authority vested in the chancellor under the provision of § 440.24, Fla. Stat., F.S.A. Neither side has furnished us with cases within this State directly bearing on this point, and our independent research has disclosed none. However, it appears that the chancellor, pursuant to the jurisdiction and authority vested in him [pursuant to the provisions of § 440.24, Fla. Stat.] could not revoke, set aside nor amend the Deputy Commissioner's order and could only make inquiry as to whether or not the order was still in full force and effect and, if it was, enforce its provisions [which the chancellor did in the instant case]. Of course, his enforcement of the Deputy Commissioner's order does not preclude the carrier from seeking, at any time, to have the compensation *554 order modified or amended by appropriate adversary proceedings.
It is apparent that the order contained a condition subsequent therein, to wit: That payments shall continue "* * * during the duration of claimant's temporary total disability. * * *". Therefore, as long as the order remains outstanding, it would be permissible for the carrier to petition to be relieved of its obligations under the order because of the happening of the condition subsequent. See § 440.28, Fla. Stat., F.S.A.
Based on the foregoing, the order appealed herein is hereby affirmed.
Affirmed.
KANNER, Acting C.J., and SHANNON, J., concur.