PER CURIAM.
These cases are before us on petition for writ of certiorari to the Florida Industrial Commission and petition for writ of certi-orari to the District Court of Appeal; Third District and, on motion, have been consolidated for disposition.
Maldonado, claimant in the Workmen’s Compensation proceeding, brought an action in the Circuit Court to enforce the order of the deputy entered September 10, 1964, ordering the carrier to pay for a spinal fusion operation and temporary total disability resulting therefrom. At the time claimant commenced his enforcement proceeding in the Circuit Court there was pending before the deputy a petition by the carrier to modify his order. The grounds of the petition for modification were that claimant had not submitted to the operation and was not entitled to temporary disability compensation.
The Circuit Court issued rule absolute in the enforcement proceedings requiring compliance wtih the deputy’s order and setting the amount of Three Thousand Eight Hundred Two and No/100 ($3,802.-00) Dollars, plus penalty of Seven Hundred Sixty-eight and 40/100 ($768.40) Dollars.
On appeal the District Court affirmed citing Phoenix Assurance Company v. .Merritt, 160 So.2d 552 (1963). The Phoenix case holds a deputy’s order must be enforced as it stands until modified in appropriate proceedings.
On learning of the enforcement proceeding the deputy continued the modification proceeding for eight months on the ground the carrier had failed to comply with the order sought to be modified. The employer-carrier appealed and the Full Commission reversed the deputy holding the enforcement proceeding did not preclude the *160 employer-carrier from seeking to have the compensation order modified.
The decision of the District Court affirming the Circuit Court’s enforcement of the deputy’s order on the grounds of the Phoenix case is a misapplication of the principles of the Phoenix case. The compensation award sought to be enforced in the instant case is conditioned on claimant undergoing a spinal fusion operation. The burden was on claimant in the enforcement proceeding to show the condition precedent had occurred, that he had in fact undergone such an operation, before he became entitled to recover under the award.
In view of the foregoing, the Order of the Full Commission is affirmed. The decision of the District Court, Third District, is quashed and the cause remanded with direction to vacate the rule absolute.
CALDWELL, C. J., DREW, THORN-AL and ERVIN, JJ., and WHITE, Circuit Judge (Retired), concur.