PER CURIAM.
Appellants bring this timely appeal from a final judgment of the lower court awarding the appellee eight weeks’ accrued compensation plus the statutory 20% penalty, for a total of $215.81. This final judgment came about as a result of appellee filing a petition pursuant to § 440.24(1), Fla.Stats., F.S.A.
Appellants were required to show cause why a writ of execution should not issue for the enforcement of an order of a Deputy Commissioner of the Florida Industrial Commission entered on January 27, 1965.
The appellee, while in the employ of the appellants, was injured on November 16, 1959. These injuries were compensable and she was so compensated for temporary total disability and permanent partial disability pursuant to § 440, Fla.Stats., F.S.A.
On April 28, 1963, appellee fell and fractured her right wrist. Appellee was not employed by appellants at the time of the injury but it was found that this second injury was a direct result of the weakness and instability of the left lower extremity caused by the accident of November 16, 1959. On the date of and as a result of her second fall, appellee, for the third time, became temporarily totally disabled and continued in such condition as of the date of the Deputy Commissioner’s order.
We now come to the order of the Deputy Commissioner on January 27, 1965, which was sought to be enforced by appellee in her rule to show cause. The lower court did enforce the order of the Deputy Commissioner by rendering a final judgment in favor of appellee on February 22, 1967.
In Paragraph 8 of the order we find:
“8. As set forth hereinabove, the employee has sustained a 35% permanent partial disability to the body as a whole. As a result of her 1959 accident for part of which she has already been paid; however, the payment of permanent disability to the body as a whole must be suspended during the period of the employee’s entitlement to and receipt of temporary disability benefits subsequent to April 28, 1963, which continues to date. After the employee reaches maximum medical improvement and/or the end of temporary disability due to her 1963 wrist injury, the employer/carrier shall resume the payment of the balance of the 35% permanent disability to the body as a whole, and shall not be subject to penalty or interest for the delay while paying temporary disability. It is reasonable to assume that the employee will sustain some disability as a result of the 1963 wrist injury, and if such occurs, it shall be tacked onto the end of the payment of the 35% permanent partial disability of the body as a whole and paid when the said 35% permanent partial disability has been paid.
“Because of the reduction in the compensation rate it is apparent that the employee has been overpaid by the amount of $1.52 per week for all weeks paid at the rate of $24.00 per week. From April 11, 1960 to May 20,1963, the employee was paid continuously at the incorrect rate and she has been overpaid for 161.5 weeks, or a total of $245.48, for which the employer/carrier is entitled to credit, the same to be deducted from the end of the payments of the 35% permanent partial disability if no disability occurs as a result of the left wrist injury or from the end of the payments of scheduled disability should it occur. The employer/carrier shall take credit for all payments of disability made to date.”
The crux of this appeal does center around this portion of that order.
On March 3, 1965, the appellants received a report from appellee’s treating physician, Dr. Paul F. Wallace. This report stated that appellee had reached maximum medical *115 improvement from her wrist injury on February 23, 1965, and that she had a 20% permanent disability of the wrist. Appellants’ attorney, by letter dated March 25, 1965, informed appellee’s attorney of the report. Appellants’ attorney in this letter stated that the appellants were accepting the 20% disability rating and would designate all compensation paid subsequent to February 23, 1965, as permanent partial disability benefits. Appellants voluntarily and without further order of the Deputy Commissioner treated appellee’s permanent wrist disability as a permanent partial loss of use of the hand, which, under § 440.15(3) (c), (3) (s), (5) (b), Fla.Stats., F.S.A., would entitle appellee to an additional 35 weeks of permanent partial disability compensation. No application for modification or amendment of the Deputy Commissioner’s order of January 27, 1965, was made by either the appellants or the appellee.
As a result of this voluntary determination, the appellants ceased their payments to appellee on December 22, 1966. Appel-lee filed the rule to show cause on January 23, 1967. On appellants’ motion it was discharged but on the appellee’s petition for rehearing the lower court entered the final judgment from which this appeal ensues. Appellee also filed a motion for attorney’s fee and for taxation of costs. Pursuant to a stipulation of the parties, the court entered an order taxing costs against appellants and stating that any attorney’s fee was to be determined by a Deputy Commissioner of the Florida Industrial Commission.
We now take under consideration the contention of the appellants. Appellants contend that they were not in default of the order of the Deputy Commissioner entered on January 27, 1965. We cannot agree with this contention of the appellants.
This cause was brought under § 440.24, Fla.Stats., F.S.A., which states:
“(1) In case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or order of the full commission or other failure by the employer or carrier to comply with such order for a period of ten days afer the order has become final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall upon application by the commission or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms' of such order, shall not be issued, and unless such cause is shown, the said court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the deputy commissioner or full commission.”
Appellants relied solely on the report of Dr. Wallace in determining the percent of permanent disability of the 1963 wrist injury of the appellee. The appellants were in error for doing this. In the order of the Deputy Commissioner it is specifically stated that:
“And, the undersigned Deputy Commissioner retains jurisdiction of the cause and of the parties for the determination of maximum medical and physical improvement from the 1963 injury, and the extent of disability from the 1963 injury, if any, and attorney’s fee.” (Emphasis added.)
Appellants were put on notice that any determination of permanent disability of the wrist injury must come by order of the Deputy Commissioner, and not by any other method. This the appellants did not do.
Next we must consider who has the burden of seeking the modification of the order of the Deputy Commissioner. We find under § 440.28, Fla.Stats., F.S.A., that any party in interest or the Commission itself, can seek to have an order modified on the grounds of a change in conditions or of a mistake in determination of a fact. From the facts of this case it can be seen that the *116 appellants modified the order voluntarily. They were the ones interested in modifying the order and therefore it is a reasonable interpretation that they should be the proper party in interest to make application for a modification of the order of the Deputy Commissioner. The rule is set down that an -employer/carrier cannot unilaterally alter or modify an order of the Deputy Commissioner or Industrial Commission and until such time as an order is modified in appropriate proceedings by the Deputy Commissioner or Industrial Commission, the order remains in full force and effect and can be enforced by a chancellor pursuant to § 440.24, Fla.Stats., F.S.A. Phoenix Assurance Company of New York v. Merritt, Fla.App.1963, 160 So.2d 552.
The order of the Deputy Commissioner found that appellee had been overpaid by appellants in the sum of $245.-48. Appellants contend that they could not be in default because this amount could be credited to the amount owed as found in the final judgment of the lower court. However, the Deputy Commissioner in his order in Paragraph 8 stated that the credit is “to be deducted from the end of the payments of the 35% permanent partial disability if no disability occurs as a result of the left wrist injury or from the end of the payments of scheduled disability should it occur. The employer/carrier shall take credit for all payments of disability made to date.” Since no proper determination has been made before the Deputy Commissioner or Industrial Commission, there is no way to tell when the end of the payments of scheduled disability will occur. Therefore, the appellants would not be allowed to any credit until this determination was properly made.
The appellants also contend that the appellee’s attorney should not have been awarded a fee. In Steele v. A. D. H. Building Contractors, Inc., Fla.1967, 196 So.2d 430, this precise question was raised and ruled on by the Supreme Court of Florida. In his opinion, Justice Ervin stated:
“Section 440.34(1) should be read in connection with Section 440.24(1), which latter section authorizes enforcement of compensation orders by rule nisi proceedings in the circuit court directing the defaulting employer or carrier to show cause why a writ of execution or other process should not be issued. Such a rule nisi action requires a review of the compensation order by the circuit court to determine whether it has a sufficiently valid basis to support a writ of execution or other process. This brings into play Section 440.34(1), which authorizes any court to allow or increase the attorney’s fees in any proceeding ‘had for the review of any claim, award or compensation order’. Furthermore, Section 440.34(1) provides that if any employer or carrier is unsuccessful in resisting payment of compensation an attorney’s fee should be awarded claimant. Thus Section 440.34(1) in its broad terms read in connection with Section 440.24(1) authorizes a circuit judge to award an attorney’s fee to claimant when a rule nisi order is made absolute to enforce payment of compensation. Allowance in the first instance in the circuit court avoids for claimant the delay and unnecessary expense of a second round of proceedings before the Commission for award of an attorney’s fee for the successful prosecution of the rule nisi action.
“Appeals from rule nisi orders may be taken to the District Courts of Appeal under the constitutional appellate jurisdiction of such courts. Section 440.34(1) undoubtedly allows awarding of attorney’s fees by such courts for successful representation of claimants in rule nisi appeals therein.”
From this opinion we find that the lower court was correct in awarding attorney’s fees to appellee’s attorney for this cause. We also find that it is proper to award an attorney’s fee to appellee’s attorney for the successful defense of this appeal. We so award a reasonable fee to ap-pellee’s attorney with the amount of the *117 fee to be determined by the Deputy Commissioner who has retained jurisdiction of this cause. The fee awarded by the lower court is also to be determined by the Deputy Commissioner.
For the above reasons we find that the appellants were in default. We have carefully considered the other points on appeal propounded by the appellants and find them to be without merit.
The judgment appealed from is affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.