282 So.2d 634 (1973)
GRANT-SHOLK CONSTRUCTION COMPANY, INC. and Cosmopolitan Mutual Insurance Company, Petitioners,
v.
Tommie MOORE, Respondent.
No. 43355.
Supreme Court of Florida.
July 31, 1973.
Rehearing Denied October 4, 1973.
*635 Fred C. Davant of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for petitioners.
L. Barry Keyfetz of Ser & Keyfetz, Miami, for respondent.
ADKINS, Justice.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Third District (272 So.2d 224), which allegedly conflicts with a prior decision of the District Court of Appeal, First District (Russell v. Bass, 107 So.2d 281 (Fla.App.1st, 1958)), on the same point of law. We have jurisdiction pursuant to Fla. Const., art. V, § 3(b)(3), F.S.A.
Petitioner was the employer-carrier in a workmen's compensation proceeding and respondent, Tommie Moore, was the claimant. The Judge of Industrial Claims, in January, 1969, entered a compensation order allowing for 30 per cent loss of wage-earning capacity and 105 weeks of compensation payments. In July, 1970, after petitioner had made 91 payments, the Judge entered a modification order reducing the finding of loss of wage-earning capacity to 15 per cent and compensation payments to 52 1/2. Since petitioner had already surpassed the payments due under the modified order, payments were ceased. In February, 1971, the Industrial Relations Commission reversed the Judge's modification order and remanded to the Judge for further proceedings. As a result of the remand, the Judge filed a second modification order reducing payments to 52 1/2 in January, 1972, which order has again been appealed to the Commission.
In April, 1972, while the second modification order was still pending before the Industrial Relations Commission, Moore filed in the Circuit Court for Dade County an application for rule nisi pursuant to Fla. Stat. § 440.24(1), F.S.A., which provides, in pertinent part:
"In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of industrial claims or order of the commission or other failure by the employer or carrier to comply with such order for a period of ten days after the order has become final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such *636 order, shall not be issued, and unless such cause is shown, the said court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of industrial claims or commission."
The application included a copy of the original compensation order of the Judge of Industrial Claims and urged that the order had remained in full force and effect. The application sought the 14 weeks of compensation still remaining unpaid under the original order, and did not refer to either of the modification orders of the Judge. Upon the incomplete allegations of Moore's application, rule nisi was properly granted. For the purposes of Fla. Stat. § 440.24(1), F.S.A., an order of the Judge of Industrial Claims or of the Commission is final when the time for taking an appeal or, for an order of the Commission, when the time for seeking a writ of certiorari with this Court has passed with neither party seeking review.
Thus, based upon the application of claimant, rule nisi was proper. However, when the employer answered the rule nisi explaining the pendency of the second modification order and the involved progress of the issue of modification, the Circuit Court nevertheless issued a final judgment in favor of the claimant for the 14 weeks of compensation which remained unpaid. The District Court of Appeal, Third District, affirmed.
We cannot approve this interpretation of the nature of finality of compensation orders. As was noted above, a compensation order becomes final for the purposes of rule nisi when the time for appeal passes without the taking of an appeal, but such finality is subject to modification pursuant to Fla. Stat. § 440.28, F.S.A. The finality of a compensation order is, therefore, partially illusory. An order is final for the purposes of rule nisi until such time as the Judge of Industrial Claims chooses to grant a petition for modification. To allow the filing of a petition for modification to toll the finality of an order would be to allow an employer to postpone the payment of compensation by the mere filing of a spurious petition. This result would nullify the effect of Fla. Stat. § 440.24(1), F.S.A.
However, once the Judge of Industrial Claims files a modification order, the petition for modification has achieved a degree of legitimacy, and the original compensation order can no longer be considered final. The Circuit Court in the case sub judice, however, ruled that when the first modification order was reversed and remanded, it had been rendered a nullity and the original compensation order was again final.
Had the Commission reversed the Judge of Industrial Claims on the merits, such a contention might be arguable, but where the reversal resulted from a mere inconsistency in the wording of the Judge's order, such a result cannot be supported. The basic premise of the Judge of Industrial Claims that the original compensation order should be modified remained unblemished. Until the Judge or the Commission indicated otherwise, it was to be presumed that the result of the original modification order had been correct.
Thus, the original order could not regain its finality until the issue of modification had been finally determined by the Judge of Industrial Claims, since the Judge initially determined that the issue was meritorious.
Any other result would allow Moore to be paid the entire 105 weeks of compensation although the Judge of Industrial Claims had held that the proper compensation would be 52 1/2 weeks of payment, a point on which the Judge has not yet been reversed. If the Commission determines that Moore is deserving of the full 105 weeks of compensation, such payment can easily be made. If the Commission determines that the Judge was correct in modifying the original order, the employer-carrier *637 has already overpaid Moore by some 38 1/2 weeks, payments which the employer-carrier might be powerless to recover.
Admittedly, the result reached herein delays the receipt of compensation by Moore, but it is compensation to which Moore has no final claim. Also, the delay is not the product of the employer-carrier, but rather the appellate procedures of the Department of Commerce and the Industrial Relations Commission.
Accordingly, the original order of the Judge of Industrial Claims cannot be the basis for rule nisi and a final judgment in Circuit Court until such time as the Judge of Industrial Claims finally determines the merits of petitioner's modification request.
The decision of the District Court of Appeal, Third District, is quashed, and the cause is remanded to that Court for further proceedings not inconsistent herewith.
It is so ordered.
CARLTON, C.J., ERVIN and BOYD, JJ., and MAGER, District Court Judge, concur.