PER CURIAM.
This is an appeal by the defendants, Pan American Hospital and Argonaut Insurance Company, from a final judgment on the petition of the plaintiff, Julia Pascual, ap-pellee herein, for rule nisi to enforce the order of the judge of industrial claims.
Defendants’ first point on appeal is that the circuit court had no jurisdiction over defendants because of improper service of process. We find no merit in this contention on the authority of Phoenix Assurance Company of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969); Sikes v. Sikes, 242 So.2d 494 (Fla. 3d DCA 1970); Marshall v. Bacon, 97 So.2d 252 (Fla.1957).
Defendants’ second point on appeal is that the circuit court erred in requiring the defendants to pay disability benefits during the duration of plaintiff’s disability. This argument is without merit. See Phoenix Assurance Company of New York v. Merritt, supra; Grant-Sholk Construction Company v. Moore, 282 So.2d 634 (Fla.1973).
Defendants are privileged to go before the judge of industrial claims and seek modification of the award, if such modification is meritorious. We disagree with defendants’ next point on appeal, that the court erred in retaining jurisdiction to award attorneys fees for plaintiff, on authority of Steele v. A. D. H. Building Contractors, Inc., 196 So.2d 430 (Fla.1967).
We do find “scriveners errors” in the final judgment which order payment to Regina Christina Gomez from May 2, 1974, to July 13,1975, rather than to July 3,1975; and payment for attendant care for sixteen (16) hours per day, seven (7) days per week rather than eight (8) hours per day, seven (7) days per week from July 3, 1975, to the date of the final judgment. The trial court is directed to modify the judgment accordingly.
Affirmed in part and reversed in part with directions.