STETTIN, HERBERT, Associate Judge.
Ervin Booth filed a Petition for Rule Nisi in the Circuit Court of Orange County seeking to enforce by writ of execution an Order of the Judge of Industrial Claims requiring Basic Asphalt & Construction Co. and its insurer, Great American Insurance Company, to pay workman’s compensation benefits.
It is undisputed that the compensation order in question was entered on January 18, 1977, had become final, and had not been modified by later order of the Judge of Industrial Claims or the Industrial Relations Commission. By a pleading styled Motion to Dismiss filed in response to the Order to Show Cause, Basic Asphalt and Great American alleged the Petition of Booth was insufficient because proceedings were then pending before both the Judge of Industrial Claims and the Industrial Relations Commission to modify the Order of January 18, 1977. The basis for the proposed modification, as well as the independently asserted defense in the Motion to Dismiss, was that Booth had failed to reveal receipt of Social Security benefits, the amounts of which, together with Booth’s changed physical condition, would necessarily require a reduction in amounts to be paid, and the time it was to be paid, under the Order of January 18, 1977.
No transcript of hearing was made, and for all that appears in the record, the trial judge relied upon these pleadings alone in reaching the conclusion that the issue of modification of the Compensation Order was being litigated before the Florida Industrial Commission. That being so, the Court concluded:
“This is an area of controversy in which this Court does not involve itself in a rule nisi, so long as the matter is properly submitted to the Florida Industrial Commission. It appears that the matter is before the administrative agencies. For that reason the Court declines to issue a rule nisi or to issue a writ of execution at this time. This action is being stayed pending further proceedings before the Florida Industrial Commission.”
*358 Booth appeals, arguing the lower court erred in denying the Rule Nisi. We agree and reverse. Florida Statute § 440.-24(1) governs enforcement of compensation Orders. The statute provides:
“(1) In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of industrial claims or order of the commission or other failure by the employer or carrier to comply with such order for a period of ten days after the order has become final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and unless such cause is shown, the said court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of industrial claims or commission.”
It has been held that a compensation order is final, for Rule Nisi enforcement purposes, when the time for appeal has run, or until such time as the Judge of Industrial Claims chooses to grant a petition for modification. The filing of a petition for modification does not toll the finality of a compensation order. Grant-Sholk Construction Company, Inc. v. Moore, 282 So.2d 634 (Fla.1973).
In the case before us the response to the Petition for Rule Nisi did not allege anything more than a pending modification dispute before the Industrial Relations Judge and Commission. Until modified by formal order, the initial compensation order was final and enforceable. Grant-Sholk, supra.
Basic Asphalt and Great American also argued below, and again before this Court that the Workmans Compensation Act is largely self effectuating, permitting adjustments in compensation payments to be unilaterally determined by employers and their carriers. The Rule Nisi could not issue, the argument goes, because the factual circumstances upon which the January 18, 1977 Compensation Order was based, had changed. This point has been put to rest in McCormick v. Messink, 208 So.2d 113 (Fla. 2d DCA 1968), and Phoenix Assurance Company of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1964). No unilateral change is permitted of an otherwise enforceable compensation order. Until changed, altered or modified by the Industrial Relations Judge, the Order is required to be enforced by the Circuit Judge under § 440.24, F.S.
The Order Denying Petition for Rule Nisi is reversed and the cause remanded for further proceedings consistent herewith.
DOWNEY, C. J., and ANSTEAD, J., concur.