448 So.2d 46 (1984)
TROY DESK MANUFACTURING COMPANY, INC. and Liberty Mutual Insurance Company, Appellants,
v.
Jack TROY, Appellee.
No. 83-1934.
District Court of Appeal of Florida, Third District.
April 3, 1984.
Robert H. Gregory, Miami, for appellants.
George F. Taylor, Jr., Miami, for appellee.
Before BARKDULL and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
We affirm the order granting the claimant-appellee's rule nisi application under Section 440.24(1), Florida Statutes *47 (1981), for enforcement of a workers' compensation order regularly entered by the Deputy Commissioner. The order, which required that weekly permanent and total disability payments be made to the claimant during his lifetime, was in full force and effect at the time of the rule nisi application. Thus, the Circuit Court had jurisdiction and, indeed, was required to enforce the order as written, see Venne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969); Phoenix Assurance Co. of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964), notwithstanding the appellant-carrier's contention that under Section 440.15(1)(d), it was justified in unilaterally suspending compensation to the claimant where subsequent to the entry of the order the claimant had become rehabilitated to the extent that his earnings from employment disentitled the claimant to either compensation payments or any wage loss benefits under Section 440.15(3)(b).
The carrier, in reliance upon the statement in Lister v. Walker, 409 So.2d 1153, 1155 (Fla. 1st DCA 1982), that "the off-set [for established earning capacity] is self-executing," argues that, in a case such as this, it may unilaterally suspend compensation payments and that it is incumbent upon the claimant to seek relief from any wrongful suspension of payments by applying to the Deputy Commissioner rather than seeking enforcement in the Circuit Court of the original order. We believe, to the contrary, that the carrier's unilateral set-off cannot unilaterally modify the order so as to oust the Circuit Court from its jurisdiction to enforce the order and that the claimant is entitled to have such order enforced until the order has been modified by the Deputy Commissioner pursuant, here, to an application by the carrier. See § 440.28, Fla. Stat. (1981).
Affirmed.