467 So.2d 372 (1985)
William C. COVERT, Appellant,
v.
E.W. HALL, d/b/a Hall Oil Company, Appellee.
No. 83-2411.
District Court of Appeal of Florida, Second District.
March 20, 1985.
Rehearing Denied April 15, 1985.
*373 Jacob I. Reiber of Linsky & Reiber, Wesley Chapel, and Harvey P. Muslin, Tampa, for appellant.
Mark M. Schabacker of Hill, Hill & Dickenson, and A. Dallas Albritton of Albritton & Associates, P.A., Tampa, for appellee.
PER CURIAM.
Appellant William Covert appeals the final judgment denying with prejudice his petition for rule nisi under section 440.24(1), Florida Statutes (1983). We reverse.
Appellant sustained severe head injuries in the course and scope of his employment with appellee. He filed a claim for medical expenses and disability benefits with the Department of Labor and Employment Security. A hearing was held before a deputy commissioner who ultimately entered a compensation order awarding appellant medical expenses and disability compensation, plus attorney's fees and other costs. The part of the order that is pertinent to this appeal is: "Considering the testimony of the witnesses, the exhibits, and medical reports filed[,] I find; 1. The undersigned Deputy Commissioner has jurisdiction of the parties and the subject matter and venue lies in Hillsborough County, Florida; 2. The parties have been properly noticed for all hearings in this case." Appellee made no appearance in the proceeding and failed to appeal the compensation order pursuant to section 440.271, Florida Statutes (1983).
Appellant filed a petition for rule nisi in the circuit court to enforce the compensation order. In response to the petition, appellee challenged the compensation order on jurisdictional grounds. He alleged the deputy commissioner lacked subject matter jurisdiction to award workers' compensation benefits as appellee never employed more than two persons at any one time.[1] Appellant then moved to strike appellee's defense, contending that appellee was legally estopped from collaterally attacking the compensation order in the rule nisi proceeding.
Over appellant's objections, the trial court held an evidentiary hearing on the issues raised by the response to the rule nisi and the motion to strike. Believing the court did not have the authority to conduct such a hearing, appellant refused to present testimony. After hearing appellee's testimony, however, the court determined that appellee was not subject to the Workers' Compensation Law (Act) by virtue of the facts that he employed fewer than three employees and that he did not waive his exemption from workers' compensation coverage. The court entered its order finding that the compensation order was void for lack of subject matter jurisdiction. This appeal followed timely from that order.
Appellant contends on appeal that the trial court exceeded its authority in the rule nisi proceeding by allowing appellee to collaterally *374 attack the compensation order. We agree.
We think the trial court erred in finding that the deputy commissioner did not have subject matter jurisdiction over appellant's claim. The court apparently failed to consider that subject matter jurisdiction does not mean jurisdiction of the particular case but of the class of cases to which the particular controversy belongs. Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926). In Malone our supreme court, quoting Hunt v. Hunt, 72 N.Y. 217, 28 Am.Rep. 129, stated:
"Jurisdiction of the subject-matter of an action is a power to adjudge concerning the general question involved therein, and is not dependent upon the state of facts which may appear in a particular case, or the ultimate existence of a good cause of action in the plaintiff therein.
"A judgment rendered by a court, having power lawfully conferred to deal with the general subject involved in the action, and having jurisdiction of the parties, although against the facts or without facts to sustain it, is not void as rendered without jurisdiction, and cannot be questioned collaterally."
The Act provides deputy commissioners with exclusive jurisdiction to hear and decide cases involving employees' compensation claims for personal injuries incurred in the course and scope of their employment. Admittedly, private employers who do not employ three or more employees at any one time are not subject to the Act. § 440.02(13)(b)2, Fla. Stat. (1983). But whether a particular employer has the requisite number of employees is a question of fact to be determined by the deputy commissioner. American Employers Insurance Co. v. Tucker, 227 So.2d 482 (Fla. 1969); Mathers v. Sellers, 113 So.2d 443 (Fla. 1st DCA 1959). Moreover, this question concerns only an employee's entitlement to compensation, not the power of the deputy commissioner to act on the claim. Malone v. Meres; see also Butler v. Allied Dairy Products, Inc., 151 So.2d 279 (Fla. 1963).
Here, the deputy commissioner clearly had jurisdiction to entertain appellant's claim. Indeed, he made a specific finding to that effect. Although appellee claims to be exempt from the provisions of the Act, he elected not to offer such proof in the proceedings before the deputy commissioner. Nor did he appeal the compensation order to the First District Court of Appeal. By not filing an appeal, appellee lost his right to contest the underlying merits of the compensation order, including the question of whether he was subject to the Act. Once the time for filing an appeal had lapsed, the compensation order became final, and the trial court had no authority in the rule nisi proceeding to do anything but order its enforcement. Venne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983), petition for review denied, 443 So.2d 979 (Fla. 1984); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969); Phoenix Assurance Co. v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964).
As previously mentioned, the employment issue raised by appellee at the rule nisi proceeding did not affect the subject matter jurisdiction of the deputy commissioner. Therefore, the trial court erred in allowing appellee to collaterally attack the compensation order.
For the foregoing reasons, we reverse the final judgment denying with prejudice appellant's petition for rule nisi and remand the cause for proceedings consistent with this opinion.
OTT, A.C.J., DANAHY, J., and BOARDMAN, EDWARD F. (Ret.), J., concur.
NOTES
[1] Employment under the Workers' Compensation Law is defined as all private employments in which three or more employees are employed by the same employer. § 440.02(13)(b)2. Fla. Stat. (1983).