SCHWARTZ, Chief Judge.
In a “rule nisi” proceeding under section 440.24(1), Florida Statutes (1983), the court below enforced an award of $1500 in appellate attorney’s fees contained in a workers’ compensation order and granted additional fees for the maintenance of the enforcement action itself. We reverse on the sole ground of prematurity[1] because the underlying compensation order was, and still is, on appeal.
The fees in question were awarded by the deputy commissioner in compliance with an order of the First District Court of Appeal which accompanied its opinion in an earlier appeal of this case, State Department of Public Health v. Wilcox, 458 So.2d 1207 (Fla. 1st DCA 1984), and which provided:
Pursuant to Section 440.34(5), Florida Statutes (1983), and Rule 9.400(b), Florida Rules of Appellate Procedure, Appel-lee’s Petition for Attorney’s Fees on appeal is provisionally granted in the amount of $1,500.00, and shall be awarded only if the Appellee prevails on the merits before the deputy commissioner on remand. In that event, the deputy commissioner’s order on remand shall include the award of attorney’s fees for appeal to this court.
After remand, the deputy indeed ruled for the claimant and obediently included in the order the $1,500 required by the First District. The employer, who is the present appellant, then again sought review of this subsequent, post-remand order by an appeal which is still pending. Contrary to the claimant’s present contention, we think it obvious that the First District did not vest the claimant’s right to the $1,500 by un-qualifiedly requiring its payment even if the deputy’s order on the merits, upon which the fee is wholly predicated, were itself later to be reversed. In that event, the fee award would necessarily fall with the substantive one. E.g., Plantation Construction Co. v. Ayers, 385 So.2d 1138, 1140 (Fla. 1st DCA 1980). Since this question remains to be resolved by the First District, however, we consider that the entire order, specifically including the fee portion, is not yet “final” under section 440.24(1), see Grant-Sholk Construction Co. v. Moore, 282 So.2d 634 (Fla.1973)(or-der “final” when appeal time runs); Booth v. Basic Asphalt & Construction Co., 369 So.2d 356 (Fla. 4th DCA 1979)(same), and that the instant action therefore cannot now be maintained.
For this reason, the orders under review are reversed and the cause remanded with *852 directions to dismiss the section 440.24 proceeding without prejudice.
Reversed, remanded with directions.

. We do not pass upon the other issue presented, which challenges the amenability of a state agency like the appellant to the remedy of execution provided by a section 440.24 proceeding. See Berek v. Metropolitan Dade County, 422 So.2d 838 (Fla.1982).