519 So.2d 754 (1988)
Harry N. PIERCE, Appellant,
v.
AETNA INSURANCE COMPANY, a Connecticut Corporation, Authorized to Do Business in the State of Florida, Appellee.
No. 87-0733.
District Court of Appeal of Florida, Fourth District.
February 10, 1988.
Gerald T. Nolan, Fort Lauderdale, for appellant.
Maria P. Sperando of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant was injured in the course of his employment and obtained an award of *755 compensation for his temporary total disability until he reached maximum medical improvement. While said order was in effect, appellee, the employer's compensation carrier, unilaterally decided that appellant had reached maximum medical improvement and terminated the temporary total disability payments. Thereupon, appellant unsuccessfully sought a rule nisi in the circuit court pursuant to section 440.24(1), Florida Statutes (1983). From the denial of said rule, appellant has perfected this appeal.
The issue drawn is quite simple: whether a compensation carrier can unilaterally determine that an injured worker has reached maximum medical improvement while an order of a deputy commissioner remains in existence and the worker contends he has not reached such level of improvement.
Appellee contends that the order of a deputy commissioner must "specifically provide for the retention of jurisdiction" in order to make a determination of whether a claimant has reached maximum medical improvement. Appellant, on the contrary, argues that, until the order awarding compensation is modified or terminated, it continues to be binding unless, of course, the parties agree that maximum medical improvement has been reached.
It seems to us that such a unilateral determination by the compensation carrier would be an anomaly in the law. In the present case, the order in question had its genesis in a controverted proceeding. The commissioner determined that appellant should receive certain benefits until the happening of a condition subsequent. If there is disagreement over when that time arrives, it seems logical that the deputy commissioner would be the proper forum to make that determination. Absent a modification of the order, the proper forum for enforcement appears to be the circuit court.
Section 440.24(1), Florida Statutes, provides:
(1) In case of default by the employer or carrier in the payment of compensation due under any compensation order of a deputy commissioner or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the deputy commissioner.
The cases seem to bear out appellant's contention that unilateral action is inappropriate in this setting. For example, in Troy Desk Manufacturing Company, Inc. v. Troy, 448 So.2d 46 (Fla. 3d DCA 1984), the compensation carrier unilaterally suspended payment of compensation because it felt the claimant had been fully rehabilitated. In affirming issuance of a rule nisi by the circuit court and rejecting the carrier's contention that the burden was on the claimant to seek relief from the wrongful suspension of payments, the district court said:
We believe, to the contrary, that the carrier's unilateral set-off cannot unilaterally modify the order so as to oust the Circuit Court from its jurisdiction to enforce the order and that the claimant is entitled to have such order enforced until the order has been modified by the Deputy Commissioner pursuant, here, to an application by the carrier. See § 440.28, Fla. Stat. (1981).
448 So.2d at 47. Also, in McCormick v. Messink, 208 So.2d 113 (Fla. 2d DCA), cert. denied, 218 So.2d 174 (Fla. 1968), the court said:
The rule is set down that an employer/carrier cannot unilaterally alter or modify an order of the Deputy Commissioner or Industrial Commission and until such time as an order is modified in appropriate proceedings by the Deputy *756 Commissioner or Industrial Commission, the order remains in full force and effect and can be enforced by a chancellor pursuant to § 440.24, Fla. Stat., F.S.A. [emphasis added].
208 So.2d at 116. See also City of Miami v. Knight, 510 So.2d 1069 (Fla. 1st DCA), rev. denied, 518 So.2d 1276 (Fla. 1987); Phoenix Assurance Company of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964).
Accordingly, we hold the trial court should have issued the rule nisi and determined whether the order of the deputy commissioner was still viable and, if so, require compliance by the carrier until such time as the order is modified or terminated by the commissioner.
REVERSED AND REMANDED.
DELL and WALDEN, JJ., concur.