661 So.2d 124 (1995)
METROPOLITAN DADE COUNTY and Metropolitan Dade County Self-Insurance, Appellants,
v.
Willie Belle ROLLE, Appellee.
No. 95-1698.
District Court of Appeal of Florida, First District.
October 6, 1995.
*125 Jacqueline M. Gregory of Kelley, Kronenberg, Kelley, Gilmartin & Fichtel, P.A., Miami Lakes, for Appellants.
Paul Morris, Coral Gables, and Alfred Gustinger, Jr., Homestead, for Appellee.
ZEHMER, Chief Judge.
Metropolitan Dade County, the employer, appeals an order of the judge of compensation claims determining the amount of nursing care benefits that the county had failed to pay to the claimant, Willie Belle Rolle, pursuant to an order entered in August 1993. The county argues four points for reversal, none of which are meritorious. We nonetheless reverse because the judge of compensation claims did not have jurisdiction to enter the appealed order inasmuch as there is no valid authority for the circuit court in a rule nisi proceeding for enforcement of a workers' compensation order to require or delegate to a judge of compensation claims jurisdiction to *126 determine the amount of benefits due under the order sought to be enforced.
Rolle was injured in 1977 and has been receiving workers' compensation benefits since that time. In 1993 the judge of compensation claims awarded her increased nursing care benefits, and that order was neither appealed nor subsequently modified. After commencing payment of the benefits so awarded, Dade County stopped paying the full amount of that award based on its decision that claimant was not entitled to the full extent of nursing care awarded. As a consequence of this unilateral act, Rolle sought enforcement of the order in a rule nisi proceeding in the circuit court pursuant to subsection 440.24(1), Florida Statutes (1993). However, the circuit court declined to enforce the order until the judge of compensation claims determined the amount of the arrearage due for nursing care and directed the claimant to refer the matter to that judge. Rolle then filed a "Motion To Determine Nursing Benefits Due" with the judge of compensation claims, and the judge entered an order determining that the county is "indebted" to Rolle in the amount of $87,280.00.
The county now urges reversal of this order, arguing primarily that recently discovered evidence strongly suggests fraudulent behavior on Rolle's part so that Rolle is not entitled to the withheld benefits. Given the procedural posture of this case, we find this argument irrelevant. If good reasons exist for modifying the 1993 order, the party seeking modification must proceed under section 440.28, Florida Statutes, before the judge of compensation claims. The circuit court has no jurisdiction in a rule nisi proceeding under subsection 440.24(1) to modify the workers' compensation order sought to be enforced. As the Third District concisely ruled in Allstate Insurance Co. v. Bollard, 527 So.2d 289 (Fla. 3d DCA 1988):
A carrier may not defend against a rule nisi application by showing that it is justified in unilaterally suspending compensation. A justification defense which goes to the merits of the case is beyond the jurisdiction of the circuit court to consider. The sole inquiry on a rule nisi application is whether the compensation order is in full force and effect. "The claimant is entitled to have such order enforced until the order has been modified by the Deputy Commissioner pursuant ... to an application by the carrier." Troy Desk Mfg. Co. v. Troy, 448 So.2d 46, 47 (Fla. 3d DCA 1984).
Even the pendency of a motion for modification cannot defeat enforcement of the order in a rule nisi proceeding because the order remains final and enforceable until the judge of compensation claims enters an order modifying it. As explained in Booth v. Basic Asphalt & Construction Co., 369 So.2d 356, 358 (Fla. 4th DCA 1979):
It has been held that a compensation order is final, for Rule Nisi enforcement purposes, when the time for appeal has run, or until such time as the Judge of Industrial Claims chooses to grant a petition for modification. The filing of a petition for modification does not toll the finality of a compensation order. Grant-Sholk Construction Company, Inc. v. Moore, 282 So.2d 634 (Fla. 1973).
In the case before us the response to the Petition for Rule Nisi did not allege anything more than a pending modification dispute before the Industrial Relations Judge and Commission. Until modified by formal order, the initial compensation order was final and enforceable. Grant-Sholk, supra.

Basic Asphalt and Great American also argued below, and again before this Court that the Workmans Compensation Act is largely self effectuating, permitting adjustments in compensation payments to be unilaterally determined by employers and their carriers. The Rule Nisi could not issue, the argument goes, because the factual circumstances upon which the January 18, 1977 Compensation Order was based, had changed. This point has been put to rest in McCormick v. Messink, 208 So.2d 113 (Fla. 2d DCA 1968), and Phoenix Assurance Company of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1964). No unilateral change is permitted of an otherwise enforceable compensation order. Until changed, altered or modified by the *127 Industrial Relations Judge, the Order is required to be enforced by the Circuit Judge under 440.24, F.S.
Therefore, the circuit court upon application for a rule nisi is required to determine only whether the order is "still viable and, if so, [to] require compliance by the carrier until such time as the order is modified or terminated by the commissioner." Pierce v. Aetna Insurance Company, 519 So.2d 754, 756 (Fla. 4th DCA 1988). Even when the circuit court feels that the order "is unclear," the court is not authorized to deny enforcement and direct that the matter be returned to the judge of compensation claims for entry of a clearer order because:
A perceived lack of clarity in the compensation order is not a proper basis for the denial of a rule nisi, which the legislature has provided as the means by which a claimant may obtain enforcement of his benefits under a compensation order.
Lidholm v. Aetna Life & Casualty, 569 So.2d 905, 906 (Fla. 2d DCA 1990).
If the issues made in the rule nisi proceeding require findings of fact, the circuit court may hold an evidentiary hearing for that purpose. See Covert v. Hall, 467 So.2d 372 (Fla. 2d DCA 1985). When it is necessary to calculate the dollar amount due to the claimant for purposes of enforcing the workers' compensation order, it is the function of the circuit court to make that calculation. Thus, it was held in Alvarez v. Kendall Associates, 590 So.2d 518 (Fla. 3d DCA 1991), that the circuit court reversibly erred in declining to calculate the amount due the claimant for "`attendant care from a professional nursing agency for a time period of 40.5 hours per week, at the market rate of $8.50 per hour, beginning with the date of this Order,'" id. at 519, and remanding the case to the judge of compensation claims for determination of an equitable remedy for the failure to provide such care. The case was remanded to the circuit court "with instructions to the trial judge to enforce the workers' compensation order by calculating and awarding to Alvarez the appropriate value of the services the employer/carrier was obligated to provide." Id. at 520.
The critical question on this appeal is whether, under these circumstances, the judge of compensation claims had jurisdiction to enter the order under review. We conclude that the judge did not. It is settled that a judge of compensation claims has "no jurisdiction even `to enforce' the prior compensation order since the sole remedy for enforcement is by the procedure outlined in subsection 440.24(1), Florida Statutes... ." Buena Vista Construction Company v. Capps, 656 So.2d 1378 (Fla. 1st DCA 1995). Once jurisdiction is properly invoked in the circuit court, nothing in the clear terms of subsection 440.24(1) authorizes the circuit court to relinquish jurisdiction to the judge of compensation claims to act, in effect, as a special master to make findings of fact as to the amount of benefits due the claimant. Nor is there any statutory authority that would allow the judge of compensation claims to assume the jurisdiction from the circuit court to determine the amount of benefits due in the rule nisi proceeding. While neither party cited Florida Rule of Workers' Compensation Procedure 4.141(d),[1] that rule cannot provide jurisdiction in the absence of statutory authority. The jurisdiction of a judge of compensation claims to entertain and hear any dispute must be founded on the provisions of chapter 440, and no provision in that chapter affords the judge of compensation claims jurisdiction to adjudicate or rule on disputed matters of fact in rule nisi proceedings under subsection 440.24(1). Travelers Insurance Co. v. Sitko, 496 So.2d 920 (Fla. 1st DCA 1986). For this reason, we reverse the appealed order for lack of jurisdiction of the judge to enter it.
REVERSED.
BARFIELD and ALLEN, JJ., concur.
NOTES
[1] That rule provides:

Pursuant to an order of a court having jurisdiction of a proceeding to enforce an order of the judge of compensation claims, the judge may conduct such hearings, consider such evidence, and enter such orders as may be necessary to determine any specific sums due pursuant to the order which is the subject matter of the rule nisi proceeding.