PER CURIAM.
Metropolitan Dade County and the Metropolitan Dade County Self-Insured Fund appeal a final order granting claimant/appel-lee’s rule nisi petition under subsection 440.24(1), Florida Statutes (1995). We reverse.
In 1993 the judge of compensation claims entered an order for temporary payments for nursing care. The order provides:
1. ... The employer, Metropolitan Dade County is ordered to pay to the claimant the sum of $4,200.00 per week beginning this date until further order of this Court.
2. Use of these funds by the Claimant is restricted to paying a licensed nursing care [agency] for services needed.
There was a dispute regarding the amounts owed under this order, and the employer paid less than the amounts called for by the order.
The claimant filed an application in circuit court for issuance of a rule nisi under subsection 440.24(1), Florida Statutes. After proceedings not relevant here,[1] the matter came before the circuit court for hearing. The trial court heard argument of counsel, accepted an affidavit from plaintiffs counsel, and calculated that the arrearage was $175,-400. The County has appealed.
We reverse the final order and remand for an evidentiary hearing. The second paragraph of the order makes clear that these payments can only be used by the claimant in order to pay a licensed nursing care agency. The funds may not be used for other purposes. Consequently in order to establish the amounts owed under this order, the plaintiff must not only show that the County paid less than was required under the order, but also that nursing services were rendered by a licensed nursing care agency for which the claimant is obligated to pay. There is neither evidence in the record nor a finding by the trial court on this point. We remand *1048 for an evidentiary hearing on all issues pertinent to the application for rule nisi.
Reversed and remanded.[2]

. See Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. IstDCA 1995).

. The Comity contends that the claimant refuses to have nursing care except on the day shift, whereas the compensation order was designed to pay for around-the-clock care. We think the temporary compensation order is quite clear that the sole purpose of. these payments is to cover nursing services actually received from a licensed nursing care agency.
With regard to the payment procedure for services to be rendered in the future pursuant to the temporary order, the court may establish such procedures as may be appropriate.