734 So.2d 544 (1999)
Stanley SALONY, Appellant,
v.
SOUTH FLORIDA PUBLIC COMMUNICATION, and Associated Industries Insurance Company, Inc., Appellees.
No. 98-2763.
District Court of Appeal of Florida, First District.
June 2, 1999.
Marc Golden and Randy D. Ellison, West Palm Beach, for Appellant.
*545 Mary Ann Stiles and Rayford H. Taylor, of Stiles, Taylor & Grace, P.A., Tallahassee, for Appellees.
KAHN, J.
Appellant, Stanley Salony, is the claimant in this workers' compensation case. He seeks review of an order entered by the judge of compensation claims (JCC) refusing to calculate the amount of permanent total disability (PTD) benefits due after allowance for offsets from social security and an employer-sponsored long-term disability policy, and, further, refusing to assess penalties against the employer/carrier (E/C) for late payment of PTD benefits. We reverse.
Before entering the order now in dispute, the JCC had awarded claimant PTD benefits through the date of an April 23, 1997, final hearing. The JCC mailed that order on September 18, 1997. Fourteen days later, on October 2, 1997, the insurance carrier mailed its check in the amount of $3,513. This amount represented benefits due as calculated by the E/C after taking offsets. Claimant disagreed with the amount and filed the present claim seeking a determination of past-due PTD benefits, as well as penalties for late payment.
The hearing on the petition included expert testimony on the amount of social security and long-term disability offsets available to the E/C. According to claimant's experts, the E/C had used improper assumptions in their calculations, resulting in miscalculation and underpayment of approximately $12,000. Shortly after the hearing the JCC entered an order refusing to adjudicate the offsets question based upon a purported lack of jurisdiction. The JCC did, however, reach the question of penalties, finding that because the carrier had paid "the amounts which it felt were due within fourteen days of the mailing of the first order," payment was timely and no penalties would be due.
We find that the JCC does have jurisdiction to determine the correct offset and the resulting amount of PTD benefits due. See Merritt v. Promo Graphics, Inc., 691 So.2d 632, 633 (Fla. 5th DCA 1997)(holding circuit court properly concluded that it lacked subject matter jurisdiction over setoff issue in rule nisi proceeding, where the resolution of the setoff issues requires both legal and factual determinations which are beyond the limited rule nisi jurisdiction of the circuit court); Santos v. K-Mart, 629 So.2d 1071 (Fla. 1st DCA 1994)(review of social security offsets is always available to workers' compensation claimant). Contrary to the conclusion reached by the JCC, the petition brought by claimant was not an enforcement matter subject only to the rule nisi jurisdiction of the circuit court. We agree that a JCC has no jurisdiction to enforce a prior compensation order. See Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995). Such a proceeding must be brought in the circuit court, because the JCC lacks contempt authority, and it would be futile to have the JCC enter an order directing an insurance carrier to do an act when the JCC has no means to enforce such an order.
A comparison of the present case with Rolle, however, shows that the statements in Rolle concerning enforcement of a prior compensation order do not apply here. In Rolle, "Dade County stopped paying the full amount of [nursing care benefits] based on its decision that claimant was not entitled to the full extent of nursing care awarded." 661 So.2d at 126. In Rolle, therefore, no question existed as to the amount of benefits due under a prior workers' compensation order. Instead, the employer/carrier there argued that irrespective of the prior order, the nursing care benefits were not payable because of "fraudulent behavior on Rolle's part so that Rolle is not entitled to the withheld benefits." Id.
The present case is different. First, claimant here has never sought to invoke *546 the jurisdiction of the circuit court in a rule nisi proceeding. Next, the underlying PTD order here did not adjudicate the offset. Accordingly, we have no difficulty concluding that the claimant was entitled to petition the JCC for determination of the offset, and that such a petition is not tantamount to an enforcement action. Instead, it is more in the nature of review by the JCC of an allegedly inappropriate offset taken by the E/C. See Department of Public Health v. Wilcox, 543 So.2d 1253 (Fla.1989); Santos, 629 So.2d at 1072. The JCC erred by refusing to calculate the benefits due.
The JCC also erred in his conclusion that no penalties could be due because "the carrier paid the amounts which it felt were due within 14 days of the mailing of the first order." A JCC may assess penalties arising from the carrier's act of taking an excessive offset. See City of Miami v. Bell, 634 So.2d 163 (Fla.1994). Also, the "fourteen day rule" utilized by the JCC did not apply. Payment made on the 14th day is now late under section 440.20(7), Florida Statutes (1995). Under that statute the E/C had twelve days to mail the check the seven-day (new) statutory time frame plus the five-day mailing time provided by Rule 4.030(c), Florida Rules of Workers Compensation Procedure. See Palm Beach County Sch. Bd. v. Miller-Neal, 674 So.2d 759 (Fla. 1st DCA 1996). On remand, the judge must therefore calculate the additional PTD due, if any, and determine whether penalties must be paid. See Bell v. University of Fla., 652 So.2d 460 (Fla. 1st DCA 1995)(holding that such penalties are mandatory.)
REVERSED and REMANDED for further proceedings.
JOANOS and ALLEN, JJ., CONCUR.