WARNER, J.,
dissenting.
I would reverse the order under appeal, as I conclude that the appellees did not prove that the employer defaulted on its obligations. The employer agreed to provide “round the clock attendant care for the claimant, including twelve hours per day to be provided by [appellant’s mother].” The employer has continued to provide round the clock care, as the parties stipulated in a compensation order entered by the JCC. Because the parties agree that the claimant continues to receive all of the care, which the employer agreed to provide in the original compensation order, it has not defaulted. It has not paid the mother for care, because she has provided none.
This is not a circumstance where an employer unilaterally terminates benefits, because it determines that the claimant no longer suffers a disability or is not entitled to the benefits awarded. See, e.g., Metro. Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995). A condition of the mother receiving compensation is the provision of care to her son. Since she has not alleged that she has provided care, then she has not proved a default by the carrier.
Metropolitan Dade County v. Rolle, 680 So.2d 1047 (Fla. 3d DCA 1996) (“Rolle II”), is analogous. The compensation order in that case required in one paragraph for the employer to pay to the claimant the *1146 sum of $4,200 per week. In a second paragraph, the use of these funds was restricted to paying a “licensed nursing care [agency] for services needed.” Id. at 1047. A dispute arose as to amounts owed under this order, and the claimant filed a petition for rule nisi. The trial court determined that the amount of $4,200 per week had not been paid and entered a judgment for a substantial arrearage, from which the employer appealed.
The Third District reversed and remanded for an evidentiary hearing. It concluded that the provisions of the order made it clear the payments could be used only to pay a licensed nursing care agency. Thus, in order to show entitlement to a rule nisi, the claimant must show not only that the employer paid less than what was required under the order but also that the nursing services were rendered by a licensed agency which the claimant was obligated to pay. In a footnote, the court noted that it was clear that the purpose of the provisions was to pay for services actually received from a nursing agency, not merely to pay $4,200 per week.
Similarly, the order in this case required the provision of services, not merely the payment of a sum to the mother. The parties agreed that the employer provided round the clock attendant care, and thus no services were provided by the mother. No default is shown, and the trial court should not have issued the rule nisi.