BARKDULL, Judge.
The appellant was the respondent in a proceeding instituted by the appellee as petitioner, under the provisions of § 440.24(1), Fla.Stat., F.S.A. seeking the enforcement of a final order of a deputy industrial commissioner awarding to her certain compensation as a result of an industrial accident. Pursuant to the provisions of the aforesaid statute, a rule nisi was issued and, subsequently, the court entered a final judgment summarily granting a money judgment in favor of the petitioner for the balance due her under the original order of the deputy industrial commissioner.
It appears, from the record, that the ap-pellee filed a claim pursuant to the provisions of the Workmen’s Compensation Law, and received a compensation order awarding her certain compensation, together with medical and hospital expenses and attorney’s fees. It is apparent that complete compliance is or was being made in the compensation feature of the order, but there had only been partial compliance with the other provisions of the order relating to medical and hospital expenses and attorney’s fees by the employer or insurance carrier.
The appellant contends that the lower court was in error in entertaining the petition for rule nisi and rendering, the final judgment in two particulars: First, that the Statute, supra, providing for the enforcement of compensation orders, is limited solely to the compensation feature of a deputy commissioner’s order and is not applicable to medical and hospital expenses and attorney’s fees. This contention is clearly answered by the latter portion of the Statute, wherein it provides “the said court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the deputy commissioner * * * .” If either the employer or the carrier disagreed with the provisions of the deputy commissioner’s order, their remedy was by appeal under the provisions of §§ 440.25(4) (a) and 440.27(1), Fla.Stat., F.S.A. The appellant also urges that the court erred in summarily granting the relief to the petitioner, in that there were triable issues of fact raised by its answer to the rule nisi; said triable issues alleged to be the failure to give notice of hearing to the employer and urging that the claimant must first exhaust her remedies against the carrier before she could seek relief directly against the employer. No merit is found in either of these contentions. As to the first, it appears from the record that the industrial commission’s office certified as to notice to the employer at its last known address, as well as to the carrier. Therefore, the employer had ample opportunity [pursuant to the provisions of §§ 440.25(4) (a) and 440.27(1), supra] to contest the proceedings by appellate review if it deemed them erroneous, but did not avail themselves of this opportunity. As to the second, once again the Statute [§ 440.24(1)] itself makes it clear that there is no obligation on the claimant to first pursue the insurance carrier, as it provides that a claimant may seek redress if there is a default “in the payment of compensation due under any compensation order” or “other failure by the employer or carrier to comply with such order”. This gives the claimant an election to seek relief against either or both the employer or carrier. The claimant having clearly abid-ed by the terms of § 440.24(1), supra, and no error having been made to appear in the court’s ruling, the final judgment here under review is affirmed.
Affirmed.