435 So.2d 350 (1983)
Roger VENNE, Appellant,
v.
Jack KLEUVER and John Patterson, Appellees.
No. 83-107.
District Court of Appeal of Florida, Third District.
July 26, 1983.
*351 Keyfetz, Poses & Halpern and L. Barry Keyfetz, Miami, for appellant.
Bercuson, Cahan, Weksler & Lasky and Bernard B. Weksler, Alfred Aronovitz, Miami, for appellees.
Before SCHWARTZ, C.J., and HUBBART and FERGUSON, JJ.
SCHWARTZ, Chief Judge.
The trial judge denied the claimant-appellant's rule nisi application under Section 440.24(1), Fla. Stat. (1981), for enforcement of a worker's compensation award regularly entered against the defendant-appellees on the ground that the award was substantively incorrect. It is clearly-established, however, that the employer's only remedy in such a situation is by appeal,[1]Martinique Hotel, Inc. v. Kasner, 153 So.2d 68 (Fla. 3d DCA 1963), cert. denied, 155 So.2d 697 (Fla. 1963), and that the circuit court has no authority in a rule nisi proceeding to consider the merits of the underlying compensation order or, indeed, to do anything but require its enforcement when, as here, it is in full force and effect. Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969); Phoenix Assurance Co. of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964). The order under review is therefore reversed and the cause remanded with directions to grant the plaintiff the relief sought in the petition.
Reversed.
NOTES
[1] An appeal was in fact taken, but was dismissed on procedural grounds by the first district court of appeal. Kluever v. Venne, Case no. AM-126 (July 26, 1982).