569 So.2d 905 (1990)
Eric LIDHOLM, Appellant,
v.
AETNA LIFE & CASUALTY, a Foreign Company, Doing Business in the State of Florida, Appellee.
No. 90-00068.
District Court of Appeal of Florida, Second District.
November 14, 1990.
*906 Enrique Escarraz, III, and Donald C. Anderson, St. Petersburg, for appellant.
Nancy A. Lauten of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
DANAHY, Acting Chief Judge.
A worker's compensation claimant appeals an order which denied his petition for rule nisi to enforce an order of a deputy commissioner. We reverse.
On February 8, 1988, the claimant and the employer/carrier entered into a joint stipulation "to provide services, assistance and/or equipment to claimant." Paragraph 8 of that stipulation provides that "employer/carrier agrees to make the necessary alterations to the present home or a new home to accommodate a wheelchair victim." On February 29, 1988, a deputy commissioner entered an order approving the joint stipulation of the claimant and the employer/carrier.
Section 440.24(1), Florida Statutes (1987), provides that in case of the failure of a carrier to comply with an order of a judge of compensation claims within ten days after the order becomes final, any circuit court of this state within the jurisdiction of which the carrier transacts business shall, upon application by any beneficiary under such order, have jurisdiction to issue a rule nisi directing the carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.
The claimant in this case filed a petition under section 440.24(1) for the issuance of a rule nisi, alleging that the appellee (the carrier) had failed to comply with paragraph 8 of the joint stipulation which was approved by the deputy commissioner. The trial judge denied the petition and directed the claimant to return the matter to the judge of compensation claims for clarification. The trial judge found that paragraph 8 of the stipulation "is unclear."
Under section 440.24(1) the only issue to be determined by a circuit court upon application for rule nisi is whether the carrier has failed to comply with an order of a judge of compensation claims within ten days after the order becomes final. In this case, that issue is undisputed. The appellee has failed to comply with paragraph 8 of the joint stipulation and ten days have passed since the order became final. Accordingly, it was error for the trial judge to refuse to issue the rule nisi requested by the claimant. A perceived lack of clarity in the compensation order is not a proper basis for the denial of a rule nisi, which the legislature has provided as the means by which a claimant may obtain enforcement of his benefits under a compensation order.
For the foregoing reasons, we reverse and remand for further proceedings in accordance with this opinion.
Reversed and remanded.
CAMPBELL and PATTERSON, JJ., concur.