590 So.2d 518 (1991)
Amparo ALVAREZ, Appellant,
v.
KENDALL ASSOCIATES and Continental Insurance Company, Appellees.
No. 91-1272.
District Court of Appeal of Florida, Third District.
December 10, 1991.
Rehearing Denied January 21, 1992.
*519 George F. Taylor, Jr., Miami, for appellant.
Walton Lantaff Schroeder & Carson and Robert L. Teitler, Miami, for appellees.
Before JORGENSON, LEVY, and GODERICH, JJ.
LEVY, Judge.
Appellant Amparo Alvarez was injured in a work-related accident while employed by appellee Kendall Associates. Appellee Continental Insurance Company is the insurance carrier [appellees hereafter collectively referred to as "employer/carrier"].
Alvarez filed a claim for workers' compensation benefits with the Department of Labor and Employment Security. An order was entered by the deputy commissioner on September 30, 1988, awarding Alvarez various compensation benefits. Paragraph 3 of that order specifically stated that Alvarez would be provided with "attendant care from a professional nursing agency for a time period of 40.5 hours per week, at the market rate of $8.50 per hour, beginning with the date of this Order."
After the employer/carrier failed to provide the supplemental professional attendant care, Alvarez filed a Petition for Rule Nisi to enforce Paragraph 3 of the September 30, 1988, compensation order.[1] The trial court initially entered an order in favor of Alvarez, awarding Alvarez a money judgment for damages based upon a calculation of the actual monetary value of the attendant care that should have been provided from September, 1988, through October, 1990. The employer/carrier moved for rehearing, arguing that the trial court's obligation on a Rule Nisi was solely to "enforce" the compensation order, which did not decree or anticipate an award of monetary damages. The trial judge agreed with the argument that a monetary damage award was improper and entered a second order denying the Petition for Rule Nisi, and remanding the case back to the deputy commissioner for a determination of an equitable remedy for the failure to provide the professional attendant care. Alvarez appeals, arguing that the circuit court erred in refusing to enforce the outstanding workers' compensation order.
It is well settled that the authority of a trial court in a Rule Nisi proceeding is limited to an inquiry of whether the subject workers' compensation order is still in full force and effect, and if so, to enforce its provisions. Marion Correctional Institution, Florida Department of Corrections v. Kriegel, 522 So.2d 45 (Fla. 5th DCA 1988), review denied, 531 So.2d 1354 (Fla. 1988); Venne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983), review denied, 443 So.2d 979 (Fla. 1984); Lillard v. City of Miami, 220 So.2d 413 (Fla. 3d DCA 1969); Phoenix Assurance Company of New York v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964). As this court stated in Venne v. Kleuver, 435 So.2d at 351:

*520 [T]he circuit court has no authority in a rule nisi proceeding to consider the merits of the underlying compensation order or, indeed, to do anything but require its enforcement when, as here, it is in full force and effect.
Because there was a valid workers' compensation order in full force and effect which had established the claimant's entitlement to the care, it was the responsibility of the trial judge, once it was determined that the care had not been provided, to enforce that order by awarding the claimant payment for the unpaid medical benefits. See Sarasota County School Board v. Castagna, 577 So.2d 635 (Fla. 1st DCA 1991).
Accordingly, we reverse the trial court's second order vacating the original order, which granted the Petition for Rule Nisi, with instructions to the trial judge to enforce the workers' compensation order by calculating and awarding to Alvarez the appropriate value of the services the employer/carrier was obligated to provide.
Reversed and remanded with instructions.
NOTES
[1] Deputy commissioners do not have enforcement authority to enforce workers compensation orders. Fred Teitelbaum Const., Inc. v. Morris, 489 So.2d 1241 (Fla. 1st DCA 1986). The enforcement provisions governing workers compensation orders are contained in Section 440.24, Florida Statutes (1989). Section 440.24 provides that the circuit courts have the power to enforce the compensation orders of the deputy commissioners and states specifically:

440.24 Enforcement of compensation orders; penalties.
(1) In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.