634 So.2d 1141 (1994)
NORTH SHORE MEDICAL CENTER and Totura and Company, Petitioners,
v.
The Honorable S. Peter CAPUA, Judge of the Eleventh Judicial Circuit, and Pamela Dolan, Respondents.
No. 93-2655.
District Court of Appeal of Florida, Third District.
April 12, 1994.
*1142 Conroy Simberg and Lewis and Hinda Klein, Hollywood, for petitioners.
Robert A. Ginsburg, County Atty., and Lee Kraftchick, Asst. County Atty., for respondents.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
This is a petition for a writ of prohibition filed by the defendants North Shore Medical Center and Totura and Company seeking review of a final order of the circuit court dated November 5, 1993. Because prohibition is unavailable as a remedy to review this order, see Southern Records & Tape Serv. v. Goldman, 502 So.2d 413 (Fla. 1986), we treat the instant petition as a timely notice of appeal seeking review of the above final order and reverse. See Skinner v. Skinner, 561 So.2d 260 (Fla. 1990).
The circuit court order herein granted the plaintiff Pamela Dolan's application for a rule nisi in a worker's compensation case and gave the defendant Totura and Company ten days "to comply with the May 26, 1993 order [of a judge of compensation claims], and to pay all compensable claims"; the order further provided that the defendant Totura and Company "shall pay penalties in the amount of 20% on late payment of compensation." The May 26, 1993 order of the judge of compensation claims, however, does not order any of the defendants to pay the plaintiff a sum certain on her worker's compensation claim; instead, the order approves a stipulation entered into by the parties in which (1) the plaintiff's claim is recognized as compensable, (2) the parties agree to "attempt to resolve" all pending issues, and (3) the judge of compensation claims is requested to retain jurisdiction in the event the parties are unable to resolve their differences. Moreover, the May 26, 1993 order expressly states that "the [c]ourt shall retain jurisdiction in the event the parties cannot resolve the pending issues and claims."
The law is clear that "[i]n case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims ... within 10 days after the order becomes final, any circuit court of this *1143 state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by ... any beneficiary under such order, have jurisdiction to issue a rule nisi" and after appropriate proceedings, "to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims." § 440.24(1), Fla. Stat. (1993) (emphasis added). In order for the circuit court to so enforce such an order of a judge of compensation claims, however, it is clear that the compensation order must, in fact, direct the employer or carrier to provide specific compensation to the claimant. Indeed, the circuit court's jurisdiction, on the claimant's application for a rule nisi, is solely limited to enforcing the terms of such a compensation order if the latter is still in full force and effect. See Alvarez v. Kendall Assoc., 590 So.2d 518, 519-20 (Fla. 3d DCA 1991); Venne v. Kleuver, 435 So.2d 350, 351 (Fla. 3d DCA 1983), rev. denied, 443 So.2d 979 (Fla. 1984).
In the instant case, it is undisputed that the judge of compensation claims has not yet entered any order directing the defendants to provide compensation to the plaintiff on the latter's worker's compensation claim; to the contrary, the case is still pending before the judge of compensation claims. The May 26, 1993 order entered by the judge of compensation claims is nonfinal in nature in that it merely (1) approves a stipulation between the parties in which the parties agree to "attempt to resolve" all pending issues, and (2) retains jurisdiction in the case in the event the parties are unable to resolve their differences. It is therefore clear that the circuit court had no jurisdiction under Section 440.24(1), Florida Statutes (1993), to enforce the May 23 1993 order of the judge of compensation claims.
Accordingly, the November 5, 1993 order of the circuit court is reversed and the cause is remanded to the trial court with directions to dismiss the plaintiff's application for a rule nisi.
Reversed and remanded.