661 So.2d 946 (1995)
Ramon NAVARRO, Appellant,
v.
SUGARCANE GROWERS COOPERATIVE AND PROFESSIONAL ADMINISTRATORS, INC., Appellee.
No. 94-2761.
District Court of Appeal of Florida, Fourth District.
October 25, 1995.
Renee R. Pelzman of Pelzman & Ruska, South Miami, and John Abramson of Abramson & Magidson, P.A., Miami, for appellant.
Micheal A. Edwards of the Law Office of Micheal A. Edwards, West Palm Beach, for appellees.
KLEIN, Judge.
Appellant, an employee who was receiving workers' compensation medical treatment pursuant to a 1991 order, filed a petition for rule nisi in the circuit court after appellee employer unilaterally withdrew its authorization for medical treatment. The employer persuaded the circuit court that the court was without jurisdiction because the issue involved could only be resolved by a judge of compensation claims. We conclude that the circuit court did have jurisdiction and reverse the order of dismissal.
The employee was injured in 1984, resulting in two shoulder surgeries and treatment from several physicians. In 1990 the employer sought to end the medical treatment; however, the judge of compensation claims entered an order in 1991 authorizing treatment *947 from a physician and a licensed massage therapist. In March 1994 the employer wrote letters to the physician and therapist informing them that it no longer authorized their services. The employer believed it could unilaterally withdraw authorization under section 440.13(2)(d), Florida Statutes (Supp. 1994), which became effective January 1, 1994. That subsection provides that:
The carrier has the right to transfer the care of an injured employee from the attending health care provider if an independent medical examination determines that the employee is not making appropriate progress in recuperation.
The enforcement of a workers' compensation order is within the jurisdiction of the circuit court. § 440.24(1), Fla. Stat. (1993). In this proceeding to enforce the 1991 order, the only issue which should have been considered by the circuit court was whether the order was still in effect. Since it was, the court should have enforced it. Alvarez v. Kendall Assoc., 590 So.2d 518 (Fla. 3d DCA 1991), and cases cited therein. Modification of the 1991 order would be under the jurisdiction of a judge of compensation claims. § 440.28, Fla. Stat. (1993).
In reversing so that the circuit court can enforce the order, we have not made any determination as to the meaning or applicability of the statutory amendment, although we note that a different portion of the 1994 amendment has been held not to apply retroactively because it would alter substantive rights. Merritt Manor Nursing Home v. Caldwell, 20 Fla. L. Weekly D2007, ___ So.2d ___ (Fla. 1st DCA Aug. 31, 1995).
Reversed.
GUNTHER, C.J., and FARMER, J., concur.