664 So.2d 299 (1995)
KIMMINS CORPORATION and Crawford and Company, Petitioners,
v.
David COLLIER, Respondent.
No. 95-2039.
District Court of Appeal of Florida, First District.
December 1, 1995.
*300 David J. Lonigro of Haas, Arend, Ramey, Worman, Biek & Prospect, Tampa, for petitioners.
Vicki L. Stolberg of Barrs, Williamson, Stolberg & Townsend, Tampa, for respondent.
PER CURIAM.
The employer/carrier (e/c) challenge an order which requires them to provide the claimant with an independent medical examination at their expense. As Florida Rule of Worker's Compensation Procedure 4.160 does not provide for an appeal of this nonfinal order, we elect to treat the proceeding as a petition for writ of certiorari. As petitioners have failed to establish that the order is a departure from the essential requirements of law, the petition is denied.
Claimant sustained a compensable accident on March 31, 1994, and filed a request for assistance with the Employee Assistance and Ombudsman Office (EAOO) as provided for in section 440.191, Florida Statutes (Supp. 1994). The claimant exhausted the procedures for informal dispute resolution and the EAOO issued claimant a certificate of good faith effort making him eligible to file a petition for relief with the Judge of Compensation Claims (JCC). A petition for benefits was filed and the docketing judge found it met all statutory requirements and referred it to a JCC for review and consideration on the merits. Claimant sought temporary total disability benefits, temporary partial disability benefits and the authorization of a different treating physician. After filing the petition for benefits, claimant filed a motion to compel the e/c to provide him with an independent medical examination (IME). This motion was denied. Claimant filed a second motion seeking an IME and this motion was granted by the JCC, citing this court's recent decision in Southern Bakeries v. Cooper, 659 So.2d 339 (Fla. 1st DCA 1995). The e/c sought rehearing, arguing that claimant had never sought authorization of an IME physician through the statutory ombudsman procedures set forth in section 440.191 and 440.192. The e/c argued that because claimant failed to exhaust his administrative remedies before the EAOO, the JCC had no subject matter jurisdiction over the appointment of an IME physician. The rehearing was denied.
The e/c now petition this court for a writ of certiorari arguing that the JCC lacks subject matter jurisdiction to award a compensation benefit when the benefit is sought without first exhausting the administrative remedies and dispute resolution processes of the EAOO. The e/c assert that an IME is a medical service and section 440.191(2)(a) prohibits a claimant from filing a petition requesting any particular benefit until the employee has exhausted the procedures for informal dispute resolution.
Claimant has filed a response arguing that the JCC had subject matter jurisdiction to order the IME at the e/c's expense. Claimant properly exhausted his administrative remedies and the case progressed to a pretrial conference before the JCC. When claimant made his request for an IME, the e/c defended by asserting that claimant had reached maximum medical improvement with a 0% permanent impairment. This defense activated the dispute resolution procedure set forth in section 440.1925 which vested jurisdiction before the JCC. In addition, the issue raised a dispute over claimant's entitlement to future medical care and indemnity, thus invoking the IME provisions of section 440.13(5). These statutory provisions do not require claimant to file a new request for assistance and petition for benefits because the issues that the IME was designed to resolve were already properly placed in dispute and were under the jurisdiction of the JCC.
Petitioners have failed to demonstrate that the JCC's order constitutes a departure from the essential requirements of law. We find nothing in the statute to require the claimant to begin the administrative process anew simply because he makes a request for an IME. Nor is there any explicit language in *301 section 440.191 which would make it applicable to section 440.25 proceedings for mediation and hearings before the JCC.
PETITION DENIED.
ZEHMER, C.J., and KAHN and DAVIS, JJ., concur.