670 So.2d 117 (1996)
Karen Sue FRANK, Appellant,
v.
CRAWFORD & COMPANY, Appellee.
No. 94-3344.
District Court of Appeal of Florida, Fourth District.
March 6, 1996.
*118 Jonathan M. Sabghir of Jonathan M. Sabghir, P.A., Tamarac, for appellant.
Lisa M. Sutton and Joseph H. Lowe of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellee.
WARNER, Judge.
The appellant challenges the trial court's order dismissing her petition for a rule nisi to enforce the order of the Judge of Compensation Claims providing for emergency relief in the form of temporary benefits under section 440.25(4)(h), Florida Statutes (Supp.1994). We hold that the trial court erred in not enforcing the order and that if the appellee wished to challenge its efficacy, it was required to file a motion for relief with the Judge of Compensation Claims (JCC).
Appellant Frank was injured in an accident covered by workers' compensation while in the employ of Winn-Dixie Stores, Inc. As a result, she underwent knee surgery which left her unable to care for her two children, then three and a half years old and seven weeks old. The carrier refused to provide temporary round-the-clock attendant care, and Frank filed a motion for emergency conference with the JCC requesting 24-hour live-in care five days per week, with Frank's friends and family providing care the remaining 48 hours.
Frank's motion was heard, with the judge relying on section 440.25(4)(h) as authority for the emergency hearing. It determined that Frank was unable to care safely for her two sons and awarded 24-hour care. The judge's order stated: "This attendant care may be of a limited, temporary and interim basis, until such time as claimant is capable of full weight bearing and ambulation, such that she is able to safely and properly care for the round-the-clock needs attendant to her status as mother of two very young children."
Pursuant to the order, appellee Crawford made weekly payments for about three weeks, then unilaterally terminated the benefits. Frank filed her petition with the circuit court to enforce the order of the JCC, which Crawford moved to dismiss, asserting that it had complied with the order but that Frank's physician was of the opinion that she did not need further attendant care. Therefore, it contended that it was entitled to stop payments under the emergency order. It argued that Frank's petition required the circuit court to interpret the JCC's order with respect to whether Frank continued to be entitled to benefits, an issue it claimed should be submitted to the JCC and not to the circuit court. The circuit court agreed with Crawford and dismissed the complaint with prejudice, precipitating this appeal.
Under the workers' compensation statute, the JCC has no jurisdiction to enforce its own orders. Fred Teitelbaum Constr., Inc. v. Morris, 489 So.2d 1241 (Fla. 1st DCA 1986). Instead, its orders are enforced by the circuit courts. Section 440.24(1), Florida Statutes (1993), provides that the circuit courts shall have jurisdiction to issue a rule nisi when the employer or carrier defaults in paying compensation under "any compensation order of a judge of compensation claims."
The trial court's authority in a rule nisi proceeding is limited to inquiring whether *119 the subject order is still in effect and, if it is, enforcing it. Navarro v. Sugarcane Growers Co-op. & Professional Adm'rs., Inc., 661 So.2d 946 (Fla. 4th DCA 1995); Alvarez v. Kendall Assocs., 590 So.2d 518, 520 (Fla. 3d DCA 1991). In Alvarez, the court quoted Venne v. Kleuver, 435 So.2d 350, 351 (Fla. 3d DCA 1983): "[T]he circuit court has no authority in a rule nisi proceeding to consider the merits of the underlying compensation order or, indeed, to do anything but require its enforcement when, as here, it is in full force and effect." As Crawford never challenged the emergency order by appeal or by seeking modification of the order, the trial court's only duty was to enforce its terms if it was still in effect.
Crawford argues that the emergency order was not a final order which it could have appealed. We agree, however, with the first district which held that an order entered under section 440.25(h) is final and subject to appellate review. Bradley v. Hurricane Restaurant, 652 So.2d 443 (Fla. 1st DCA 1995). Therefore, Crawford could have appealed the JCC order if it had objected to the order's terms.
Alternatively, Crawford argues that it was entitled to have a determination as to whether payments were still due to the appellant under the order. Indeed, we agree with that statement. But, the trial court was faced with an order which had not been modified and was still in full force and effect. The trial court was required to enforce it until altered by the JCC. Phoenix Assurance Co. v. Merritt, 160 So.2d 552 (Fla. 2d DCA 1963), cert. denied, 168 So.2d 147 (Fla. 1964). Until the JCC modified the order, the carrier could not unilaterally terminate benefits due under it. Therefore, if Crawford felt that Frank's condition had changed so that she was capable of taking care of her children herself, it should have sought a modification of the JCC's order. As it was, by convincing the trial court that it could not enforce the order, Crawford received the benefit of a de facto modification without ever having to present the issue to the JCC.
We therefore reverse the order dismissing the petition for a rule nisi and remand with directions to the trial court to determine whether the order sought to be enforced was in effect during the period of non-payment and, if so, to enforce it.
Reversed and remanded.
POLEN and STEVENSON, JJ., concur.