PER CURIAM.
We reverse the trial court’s order dismissing appellant’s petition for rule nisi. The October 14, 1997 order of the judge of compensation claims approved the parties’ stipulation. The order provided that payments for attendant care services would be made upon appellee’s receipt of certain logs showing that services had been performed. The order was self-executing, in that it did not require appellant to secure a separate order from the compensation judge each time he sought payment for attendant care services. Appellee did not contest the October order before the compensation judge or seek a modification on the ground that appellee was seeking payment for services never actually performed. The compensation judge has continuing jurisdiction to address the types of matters appellee raised in the circuit court, proceeding to support its argument that the circuit court did not have jurisdiction, because there was a factual dispute over appellant’s entitlement to payment. However, the October order remained in effect and enforceable by the circuit court. The burden was on appellee to challenge appellant’s entitlement to any payment before the judge of compensation claims. The trial court erred in dismissing the petition for rule nisi. See Frank v. Crawford & Co., 670 So.2d 117 (Fla. 4th DCA 1996); Navarro v. Sugarcane Growers Co-op. & Prof'l Adm’rs, Inc., 661 So.2d 946 (Fla. 4th DCA 1995); Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995); Lidholm v. Aetna Life & Cas., 569 So.2d 905 (Fla. 2d DCA 1990).
In Frank, pursuant to the compensation judge’s order, the employer made weekly payments to the claimant for about three weeks and then unilaterally stopped payments. The claimant filed a petition with the circuit court to enforce the order of the compensation judge. The employer moved to dismiss asserting that the claimant’s doctor believed that the claimant did not need further attendant care, so that the employer was entitled to cease payments under the order. This court noted that the employer could have appealed the compensation order or sought a modification if it had objected to complying with the or *605 der’s terms, but it did not do so. Like the trial court in this case, the circuit court in Frank was faced with an unmodified compensation order which was still in full force and effect. We held that “[t]he trial court was required to enforce it until altered by the JCC.” 670 So.2d at 119.
Similarly, in Lidholm, the claimant and the carrier entered into a joint stipulation “to provide services, assistance and/or equipment to claimant.” 569 So.2d at 906. Paragraph 8 of the stipulation provided “employer/carrier agrees to make the necessary alterations to the present home or a new home to accommodate [an injured wheelchair claimant].” Id. A deputy commissioner approved this joint stipulation. The claimant filed a petition for a rule nisi alleging that the carrier had failed to comply with paragraph 8. The trial court found paragraph 8 to be “unclear,” denied the petition, and directed the claimant to return the matter to the deputy commissioner for clarification. The second district reversed stating “[a] perceived lack of clarity in the compensation order is not a proper basis for the denial of a rule nisi, which the legislature has provided as the means by which a claimant may obtain enforcement of his benefits under a compensation order.” Id.
Here, the compensation judge’s order is final, not modified, and remains in full force and effect. The compensation judge has entered no order permitting the cessation or modification of payment of compensation benefits. Appellee received the logs specified in the order, but did not make payments .called for in the order. The trial court had jurisdiction to enforce the order in the rule nisi proceeding.
REVERSED AND REMANDED.
STONE, POLEN and GROSS, JJ., concur.