870 So.2d 880 (2004)
Edna DE LA PENA, Appellant,
v.
SUNSHINE BOUQUET COMPANY and Hortica, Appellees.
No. 3D03-2857.
District Court of Appeal of Florida, Third District.
March 10, 2004.
Rehearing Denied April 28, 2004.
Richard E. Zaldivar; Jay M. Levy, for appellant.
Herzfeld & Rubin and Daniel L. Koch, Miami, for appellees.
Before FLETCHER, RAMIREZ, and SHEPHERD, JJ.
FLETCHER, Judge.
Edna De La Pena appeals from the circuit court's denial of a petition for rule nisi in connection with her claim for workers' compensation benefits. The judge of compensation claims granted De La Pena an independent medical examination by Dr. Barry Burak. When the employer/carrier failed to schedule an appointment with Dr. Burak within the ten days indicated in the order, De La Pena petitioned the circuit court for a rule nisi to enforce the order. At a hearing on the motion, counsel for the employer/carrier stated that they had attempted to schedule the appointment with Dr. Burak, but were unable to do so because the doctor insisted *881 on prepayment[1] and a fee which exceeded the amount allowable for the examination. Suggesting that De La Pena have the examination performed by another doctor, the circuit court denied her petition for rule nisi. Albeit for a different reason, we affirm the denial.
The circuit court has jurisdiction to enforce a final compensation order of a judge of compensation claims. § 440.24(1), Fla. Stat. (1998); North Shore Med. Ctr. v. Capua, 634 So.2d 1141 (Fla. 3d DCA 1994). However, interlocutory orders, such as the one at issue here, are matters which properly belong before the judge of compensation claims who has the power to enforce his or her own interlocutory orders. § 440.33, Fla. Stat. (1998).
Therefore, we affirm the denial of the petition for rule nisi.
NOTES
[1] Prepayment, the employer/carrier contends, is not permitted, only reimbursement, citing Florida Workers' Comp. Health Care Provider Reimbursement Manual, pp. i, 10 (Div. of Work. Comp. 2003). We make no comments on this interpretation.