886 So.2d 1039 (2004)
MIAMI-DADE COUNTY, Appellant,
v.
Nestor FONKEN, Appellee.
No. 3D03-2136.
District Court of Appeal of Florida, Third District.
November 10, 2004.
Robert A. Ginsburg, Miami-Dade County Attorney, and Douglas W. Rice, Assistant County Attorney, for appellant.
Richard E. Zaldivar; Jay M. Levy, for appellee.
Before SCHWARTZ, C.J., and LEVY, and WELLS, JJ.
WELLS, Judge.
Miami-Dade County appeals from a circuit court order granting a rule nisi. That order enforces an order from a judge of compensation claims approving a mediation agreement for an independent medical examination (IME) for Appellee, Nelson Fonken. We reverse.
As we confirmed in De La Pena v. Sunshine Bouquet Co., 870 So.2d 880, 881 (Fla. 3d DCA 2004), an order from a judge of compensation claims granting an IME is not a final compensation order that must be enforced by a circuit court:
The circuit court has jurisdiction to enforce a final compensation order of a judge of compensation claims. § 440.24(1), Fla. Stat. (1998); North Shore Med. Ctr. v. Capua, 634 So.2d 1141 (Fla. 3d DCA 1994). However, interlocutory orders, such as the one at issue here, are matters which properly belong before the judge of compensation claims who has the power to enforce his or her own interlocutory orders. § 440.33, Fla. Stat. (1998).
See North Shore Med. Ctr. v. Capua, 634 So.2d 1141, 1143 (Fla. 3d DCA 1994) (finding that where underlying workers' compensation case was still pending before judge of compensation claims, the circuit court had no jurisdiction to enforce an order that did not award specific compensation but merely approved a stipulation between parties in which parties agreed to attempt to resolve all pending issues and *1040 retained jurisdiction in the event parties were unable to do so).
For purposes of enforcement, we see no distinction between an order of a judge of compensation claims granting an IME, which may be enforced by the compensation claims judge, and an order of a compensation claims judge approving a mediation agreement granting an IME. Neither is an order that must be enforced by a circuit court.
The order granting Fonken's petition for rule nisi is, therefore, reversed.