946 So.2d 40 (2006)
Herbert W. MABIRE, Appellant,
v.
ST. PAUL GUARDIAN INSURANCE CO. a/k/a Travelers/St. Paul Fire & Marine, f/k/a USF & G, Appellee.
No. 1D06-2818.
District Court of Appeal of Florida, First District.
December 12, 2006.
*41 John L. Myrick, Pensacola, for Appellant.
Douglas F. Miller of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellee.
PER CURIAM.
Appellant Herbert Mabire brings this appeal from the circuit court's dismissal of his petition for rule nisi, pursuant to section 440.24(1), Florida Statutes, to enforce a compensation order entered by the Judge of Compensation Claims (JCC) in 1999. In particular, appellant argues that the circuit court erred in concluding that the compensation order was non-final and thus dismissing for lack of jurisdiction the petition for rule nisi. We agree with appellant that the compensation order was final, and reverse the dismissal below.
On October 19, 1977, appellant, then an employee of Noonan Construction, sustained a compensable injury to his left knee. He underwent a series of surgeries and treatments, but nonetheless suffered a permanent disability and was unable to return to work. Thereafter, appellant petitioned the JCC to issue an order requiring appellee, the insurance carrier, to construct and maintain a heated exercise pool to treat appellant's disability. On March 27, 1997, the JCC entered a compensation order, which provided that appellee construct the heated pool at appellant's residence in Seminole, Alabama. Although the appellee did take steps towards installing the pool over the following year, a number of construction defects apparently rendered the pool unusable for rehabilitation or treatment. Thus, appellant filed a second petition for benefits, asking the JCC to order appellee to correct the problems. In a second compensation order, dated June 22, 1999, the JCC ordered the appellee to repair or rebuild the exercise pool, and this time provided detailed specifications and dimensions to guide construction. The JCC also provided that the court would reserve jurisdiction over all issues until "construction, modification and provision of all items specified herein have been completed."
On November 17, 2005, the appellant filed a petition for rule nisi in the circuit court to enforce the 1999 compensation order. In response, appellee filed a motion to dismiss the petition for lack of subject matter jurisdiction. Appellee argued that the JCC's order of 1999 was non-final, in that the court expressly retained jurisdiction over the matter. The circuit court heard arguments on the motion and subsequently, on April 28, 2006, issued an order dismissing appellant's petition for lack of jurisdiction. Appellant appeals from the order of dismissal.
The provision of the Worker's Compensation Law which governs enforcement of a JCC's final compensation order, section 440.24(1), provides in part the following:

*42 In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall . . . have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution . . . shall not be issued.
§ 440.24(1), Fla. Stat. (2006) (emphasis added). Appellant argues that the compensation order at issue, rendered June 22, 1999, was never appealed by the appellee, and thus it became final within thirty days from its entry. Consequently, appellant argues the compensation order is properly subject to enforcement through a petition for rule nisi. Appellee contends, and the circuit court below agreed, that the JCC's 1999 order was non-final, and thus not enforceable through a rule nisi petition, because it contained a provision which reserved jurisdiction until "construction, modification and provision of all items specified herein have been completed."
This court has consistently held that a Judge of Compensation Claims does not have the kind of authority exercised by the JCC in this case, namely the authority to enforce its orders. See Metro. Dade County v. Rolle, 661 So.2d 124, 127 (Fla. 1st DCA 1995) ("It is settled that a judge of compensation claims has no jurisdiction even to enforce the prior compensation order since the sole remedy for enforcement is by the procedure outlined in subsection 440.24(1), Florida Statutes . . .") (citing Buena Vista Constr. Co. v. Capps, 656 So.2d 1378, 1380 (Fla. 1st DCA 1995) (internal quotations omitted)).
Further, when the provision reserving jurisdiction is set aside, there is nothing more in the JCC's compensation order which would render it non-final. Indeed, a compensation order is final where, as in this case, it settles all the claims ripe for adjudication. See Emro Mktg. v. Schwier, 670 So.2d 1141, 1142 (Fla. 1st DCA 1996) ("[O]rders which adjudicate all matters ripe for hearing may always be immediately appealed"); Bradley v. Hurricane Restaurant, 652 So.2d 443, 444 (Fla. 1st DCA 1995) ("By definition, a worker's compensation order that decides all issues ripe for adjudication is a final order and appealable").
Because the 1999 compensation order was final, we reverse the circuit court's dismissal of the petition, and remand for further proceedings.
REVERSED and REMANDED.
BARFIELD, PADOVANO and POLSTON, JJ., concur.