SILBERMAN, Judge.
 

 Eric M. King (“the Claimant”) seeks review of the circuit court’s order that
 
 *786
 
 “denied and dismissed with prejudice” his petition for rule nisi, which sought to enforce a workers’ compensation order issued by a Judge of Compensation Claims (“JCC”). The circuit court determined that it did not have jurisdiction to review the petition because the workers’ compensation order was nonfinal. However, the order was final because it settled all the claims that were ripe for adjudication at that time. Accordingly, we reverse.
 

 The Claimant injured his hand on December 11, 2002, while working for Parker Hannifin Corporation (“the Employer”), and he has been receiving workers’ compensation benefits since then. On August 30, 2007, the parties went to mediation on three unresolved Petitions for Benefits (“PFBs”). As a result of the mediation, the parties entered into a mediated agreement (“the Agreement”). While the record on appeal contains neither the PFBs nor the Agreement, the parties stipulated to their contents at oral argument. The Agreement required the Employer and Underwriters, Inc. (“the Carrier”), to provide an endocrinologist and psychiatrist for the Claimant pursuant to one of the PFBs. The Agreement did not resolve a second PFB, which requested payment of a medical bill, attorney’s fees, penalties, and costs. The Claimant withdrew the third PFB.
 

 The Claimant then filed a motion to enforce the agreement. On October 4, 2007, the JCC entered an order requiring the Employer/Carrier to comply with the Agreement for authorization of an endocrinologist and a psychiatrist. On October 25, 2007, the Claimant commenced a rule nisi proceeding in the circuit court to enforce the JCC’s order as it pertained to the endocrinologist. Although the Employer/Carrier authorized the endocrinologist shortly after the petition for rule nisi was filed, the Claimant proceeded with the petition. After conducting a hearing on the petition, the circuit court denied and dismissed the petition based on its determination that it did not have jurisdiction. The court concluded “that the underlying worker’s compensation case remains open and active” and therefore the JCC’s enforcement order was nonfinal. The court determined that it did not have jurisdiction under section 440.24(1), Florida Statutes (2007), to review nonfinal orders.
 

 Section 440.24(1) provides that a circuit court has jurisdiction to issue a rule nisi directing the employer or carrier to show cause why the court should not enter a writ of execution or otherwise enforce the terms of a JCC’s final order. A JCC’s order is final when the order “settles all the claims ripe for adjudication.”
 
 Mabire v. St. Paul Guardian Ins. Co.,
 
 946 So.2d 40, 42 (Fla. 1st DCA 2006).
 

 The Claimant argues that the JCC’s October 4, 2007, order was final because it settled all the claims ripe for adjudication with respect to the PFB at issue. The Claimant relies in large part on the First District’s decision in
 
 Mabire.
 
 The Employer/Carrier argues that the order did not settle all ripe claims because the underlying workers’ compensation claim remained open and active with numerous unresolved issues and at least one pending PFB. The Employer/Carrier relies on two Third District cases to support its argument.
 
 See Miami-Dade County v. Fonken,
 
 886 So.2d 1039 (Fla. 3d DCA 2004);
 
 De La Pena v. Sunshine Bouquet Co.,
 
 870 So.2d 880 (Fla. 3d DCA 2004).
 

 In
 
 Mabire,
 
 the JCC entered an order requiring the insurance carrier to build and maintain a heated exercise pool to treat the claimant’s injury. 946 So.2d at 41. The insurance carrier complied, but the pool contained construction defects that rendered it unusable. The claimant then filed a second PFB, requesting that
 
 *787
 
 the JCC order the insurance carrier to correct the defects. The JCC entered a second order requiring the insurance carrier to repair or rebuild the pool to certain specifications. The JCC reserved “jurisdiction over all issues until ‘construction, modification and provision of all items specified herein have been completed.’”
 
 Id.
 

 The claimant subsequently filed a petition for rule nisi in the circuit court seeking enforcement of the second order. The circuit court dismissed the claimant’s petition for rule nisi based on its determination that the compensation order the claimant sought to enforce was nonfinal. The First District disagreed, noting that the JCC’s order was final because it settled all the matters that were ripe for adjudication.
 
 Id.
 
 at 42. The court explained that the JCC’s erroneous reservation of jurisdiction did not render the order nonfinal. The court added that the JCC does not have the authority to enforce such orders. Instead, section 440.24(1) gives the circuit court the authority to issue a rule nisi to enforce such final orders. Accordingly, the court reversed and remanded for reconsideration of the petition for rule nisi.
 
 Id.
 

 In
 
 De La Pena,
 
 the JCC order granted the claimant’s request for an independent medical examination (“IME”). 870 So.2d at 880. When the employer/carrier failed to schedule an appointment within the applicable time period, the claimant filed a petition for rule nisi in the circuit court. The employer/carrier defended on grounds that they attempted to schedule an appointment, but the doctor insisted on prepayment and an excessive fee.
 
 Id.
 
 at 880-81. The circuit court denied the claimant’s petition for rule nisi based on the court’s determination that the claimant could have another doctor perform the IME.
 
 Id.
 
 at 881.
 

 On appeal, the Third District affirmed based on its determination that the order at issue was nonfinal and the circuit court did not have jurisdiction to enforce it under section 440.24(1). The court did not explain what about the order rendered it nonfinal or discuss the issue at length. However, the court observed that a JCC “has the power to enforce his or her own
 
 interlocutory
 
 orders.”
 
 Id.
 
 (Emphasis added.)
 

 Similarly, in
 
 Fonken,
 
 the JCC order approved a mediation agreement providing for an IME. 886 So.2d at 1039. The circuit court granted a rule nisi, enforcing the JCC’s order. The Third District reversed, relying on
 
 De La Pena
 
 and stating that a JCC order approving a mediation agreement for an IME is not a final order that must be enforced by a circuit court.
 
 Id.
 
 at 1039-40.
 

 Thus, it appears that an order providing for treatment, as in
 
 Mabire,
 
 is final for purposes of rule nisi proceedings in the circuit court. Notably, at least two other cases have implicitly held that orders providing for medical services or other assistance were the proper subject of rule nisi proceedings in the circuit court.
 
 See, e.g., Lidholm v. Aetna Life & Cas.,
 
 569 So.2d 905, 906 (Fla. 2d DCA 1990) (reversing denial of petition for rule nisi that sought to enforce an order approving a joint stipulation for the employer/carrier to make alterations to the claimant’s home to accommodate a wheelchair);
 
 Navarro v. Sugarcane Growers Coop. & Prof'l Adm’rs, Inc.,
 
 661 So.2d 946, 946-47 (Fla. 4th DCA 1995) (reversing the dismissal of a petition for rule nisi that sought enforcement of an order authorizing treatment from a licensed massage therapist and a physician).
 

 On the other hand, orders providing for IMEs, as in
 
 Fonken
 
 and
 
 De La Pena,
 
 are nonfinal and cannot be enforced in rule nisi
 
 *788
 
 proceedings. IMEs are utilized when additional medical evidence is needed to determine whether claimants are entitled to benefits. Thus, an order providing for an IME would clearly not settle the claim that was being adjudicated.
 
 See, e.g., Kimmins Corp. v. Collier,
 
 664 So.2d 299, 300 (Fla. 1st DCA 1995) (holding that an order requiring an employer/carrier to provide an IME is a nonfinal order for purposes of invoking appellate jurisdiction). In the present case, the parties acknowledged that the PFB requesting an endocrinologist and psychiatrist was not for purposes of an IME but was for treatment.
 

 The First District has recognized that “[cjompensation proceedings may, of course, generate successive appealable final orders, each covering all benefits then due.”
 
 Town of Palm Beach v. Watts,
 
 426 So.2d 1312, 1313 (Fla. 1st DCA 1982). In this case, the benefits that were due at the time the JCC entered its order were those set forth in the terms of the Agreement relating to the endocrinologist and the psychiatrist. While the parties mediated an additional PFB at the same time as the PFB regarding the endocrinologist and psychiatrist, the parties conceded that they did not reach any agreement regarding this other PFB and that the Agreement itself does not address the other PFB.
 

 We conclude that the JCC’s order requiring compliance with the mediated agreement and requiring the Employer/Carrier to authorize the endocrinologist and psychiatrist is a final order. We therefore reverse the order denying and dismissing the petition for rule nisi. Because it appears that the Employer/Carrier authorized the endocrinologist after the filing of the petition for rule nisi, we recognize that the issue of whether the Employer/Carrier complied with the JCC’s order may be moot for enforcement purposes. However, the issue of the Claimant’s entitlement to attorney’s fees under section 440.34(3)(d)
 
 [1]
 
 remains pending for resolution by the circuit court.
 

 Reversed and remanded.
 

 CASANUEVA, C.J., and CRENSHAW, J., Concur.
 

 [1]
 

 . Section 440.34(3)(d) provides for entitlement to attorney's fees “[i]n cases where the claimant successfully prevails in proceedings filed under s. 440.24.”