' SUAREZ, J.
Appellant Jacqueline Roig appeals an order dismissing her motion for rule nisi, which was filed in an attempt to enforce an *569 order issued in a related proceeding before a Judge of Compensation Claims (“JCC”). We reverse.
In connection with an earlier workplace injury, Appellant obtained a December 2007 JCC ruling which required Appellee, her former employer, to provide orthopedic care for her in Palm Beach County where she now resides. In February 2009, a second JCC ruled that Appellee had failed to comply with the 2007 ruling. In September 2009, the JCC entered another order which found that the 2007 order was “in full force and effect” and directed Appellant to seek enforcement “from a tribunal that has authority to enforce same.” That order was affirmed by the First District in Roig v. D.M.D. Arturo Mosquera, 48 So.3d 57 (Fla. 1st DCA 2010) (table). As a result of those proceedings, the question of whether Appellee had complied with the 2007 order was fully resolved and not subject to re-litigation.
Appellant then filed the present rule nisi action. After numerous proceedings, the trial court entered an order dismissing the action based on lack of jurisdiction due to alleged factual disputes as to whether Ap-pellee complied with the 2007 order. The action should not have been dismissed.
Section 440.24(1), Florida Statutes (2008), provides:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the department or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims, (emphasis added).
In interpreting that statute, this Court stated in Alvarez v. Kendall Associates, 590 So.2d 518 (Fla. 3d DCA 1991):
Because there was a valid workers’ compensation order in full force and effect which had established the claimant’s entitlement to the care, it was the responsibility of the trial judge, once it was determined that the care had not been provided, to enforce that order by awarding the claimant payment for the unpaid medical benefits.
Id. at 519. See also Navarro v. Sugarcane Growers Coop. & Prof 'l Adm’rs, Inc., 661 So.2d 946 (Fla. 4th DCA 1995); Ross v. Sec. Ins. Co. of Hartford, 743 So.2d 604 (Fla. 4th DCA 1999).
Based on that authority, and because the question of Appellee’s compliance with the 2007 order had already been resolved, the trial court erred in determining that an alleged factual dispute[1] precluded a ruling on Appellant’s motion for rule nisi. We therefore reverse and remand for further proceedings consistent with this opinion.

. To the extent Appellee seeks to ensure that the payment for care in Palm Beach County is limited to care resulting from the earlier workplace injury, he must seek modification of the 2007 order in the administrative proceedings before the JCC.