616 So.2d 525 (1993)
Debra BENEDICT, f/k/a Debra Harford, Appellant,
v.
EXECUTIVE RISK CONSULTANTS, INC., a/k/a E.R.C., a Florida corporation, Appellee.
No. 92-1458.
District Court of Appeal of Florida, Fourth District.
March 24, 1993.
Rehearing Denied May 4, 1993.
*526 David C. Wiitala of Wiitala & Contole, P.A., North Palm Beach, for appellant.
Charles D. Tobin of Gabel, Taylor & Dees, Jacksonville, for appellee.
PER CURIAM.
AFFIRMED. We find no error by the trial court in refusing to issue a rule nisi to compel the appellee to pay medical expenses of the appellant pending a resolution by the judge of compensation claims of whether the expenses were causally related to appellant's compensation injury.
The role of the circuit court, when considering a petition for issuance of a rule nisi pursuant to section 440.24(1), Florida Statutes (1989), is limited to a twofold inquiry: (1) whether there is a final order in full force and effect, and (2) whether there has been a default of that order. See also Alvarez v. Kendall Assocs., 590 So.2d 518 (Fla. 3d DCA 1991) (the authority of a trial court in a rule nisi proceeding is limited to an inquiry of whether the subject order is still in full force and effect, and if so, to enforce its provisions). Hence, a rule nisi should issue only when it is clearly demonstrated that the relief sought is mandated by the terms of an existing compensation order. In this respect it is akin to an order of execution. It should not be used to resolve factual disputes between the parties.
Both parties agree the heart of the dispute here concerns the second prong of the inquiry; namely, whether appellee has defaulted under the final compensation order making it responsible for continuing medical expenses related to appellant's compensation injury. However, their arguments before the trial court on this issue centered around the causal connection between the compensation injury and the medical expenses in question, the appellee contending that the expenses were related to a subsequent accident for which it was not responsible. This was a question of fact over which the trial court had no jurisdiction.
Accordingly, we affirm the trial court's denial of appellant's petition for a rule nisi.
ANSTEAD and WARNER, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.