629 So.2d 1071 (1994)
Jose SANTOS, Appellant,
v.
K-MART and KM Administrative Services, Appellees.
No. 92-2468.
District Court of Appeal of Florida, First District.
January 6, 1994.
*1072 Mark L. Zientz of Williams & Zientz, Miami, for appellant.
Robert L. Teitler and Bernard I. Probst of Walton Lantaff Schroeder & Carson, Miami, for appellees.
PER CURIAM.
This is an appeal from a workers' compensation order dismissing Santos' claim which requested a correct calculation of permanent total disability benefits, taking into account any appropriate social security offset. We reverse and remand.
On March 28, 1991, Santos filed a claim for benefits arising out of an accident which occurred on July 5, 1984. Santos claimed the carrier was currently paying $40.83 per week when the appropriate amount should be $57.25 per week based on a figure of $142.88 per week (as 80% of the average current earnings) less $85.63 per week as the initial monthly social security entitlement in March 1985. At the hearing, the employer/carrier (e/c) submitted a notice of suspension of benefits, dated May 14, 1991, which indicated that Santos' weekly compensation rate of $113.34 had been reduced by a social security offset of $53.06, resulting in a new weekly compensation rate of $60.28. Santos in turn argued there was no evidence of record that the e/c were, or are, in fact paying this amount.
The judge of compensation claims (JCC) found that in view of the fact that the e/c are currently paying $60.28 per week, since the claim requested only $57.25 per week, a lesser amount, the claim was therefore moot. We disagree. Although employers may take social security offsets administratively, Department of Public Health v. Wilcox, 543 So.2d 1253 (Fla. 1989); Quail Ridge v. Johnson, 584 So.2d 199 (Fla. 1st DCA 1991), review by the JCC is always available to the employee. Wilcox. It is this review which Santos asserts he sought below.
The employer carries the burden, if raised by a claimant as an issue for hearing, to prove that a social security offset was appropriately taken. Pan American Bank v. Glinski, 584 So.2d 52 (Fla. 1st DCA 1991); Colonel's Table v. Malena, 412 So.2d 64 (Fla. 1st DCA 1982). In the instant case, in dismissing Santos' claim, the JCC effectively approved the e/c's offset without any evidentiary basis. Upon the filing of Santos' claim requesting a determination of the proper offset amount, it was incumbent upon the JCC to take evidence from the e/c in support of the appropriateness of any amount taken, in accordance with section 440.15(9), Florida Statutes.
REVERSED and REMANDED for further proceedings consistent with this opinion.
SMITH, ALLEN and MICKLE, JJ., concur.