691 So.2d 632 (1997)
Jay Leslie MERRITT, Appellant,
v.
PROMO GRAPHICS, INC., et al., Appellees.
No. 96-994.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
*633 Dennis J. Hunter of Hunter and Brooks, Altamonte Springs, for Appellant.
Ava F. Tunstall and Frank C. Wesighan of Dean, Ringers, Morgan and Lawton, Orlando, for Appellees Promo Graphics, Inc. and Riscorp.
Walter G. Benjamin of Rissman, Weisberg, Barrett, Hurt, Donahue & McLain, Orlando, for Appellees Kelly Electric and Feisco.
ANTOON, Judge.
Jay Merritt appeals the circuit court's order dismissing his petition for rule nisi. The petition alleged that Mr. Merritt's employer, Promo Graphics, Inc., and its workers' compensation insurance carrier, Riscorp, (1) improperly withheld a portion of his workers' compensation benefits as a setoff for his receipt of social security benefits, and (2) erroneously made payments to Mr. Merritt's wife for unskilled attendant care benefits. We affirm because the circuit court properly concluded that it lacked subject matter jurisdiction over this matter.
In January 1994, a workers' compensation claims judge entered an order requiring Promo Graphics to pay Mr. Merritt temporary and permanent disability benefits. The order did not include a specific provision pertaining to a setoff for social security benefits received by Mr. Merritt. Promo Graphics appealed the compensation order on other grounds to the First District Court of Appeal; while the appeal was pending, no workers' compensation benefits were paid to Mr. Merritt. The award was affirmed without opinion. Promo Graphics, Inc. v. Merritt, 660 So.2d 716 (Fla. 1st DCA 1995).
Promo Graphics thereafter paid Mr. Merritt his benefits but unilaterally withheld a sum it claimed constituted a setoff for the sum he had already received in social security benefits. In an effort to challenge the propriety of the setoff, Mr. Merritt filed a petition for rule nisi in the circuit court pursuant to section 440.24, Florida Statutes (1995), claiming that Promo Graphics had *634 "failed to pay all the benefits due under the order." Section 440.24 provides, in part:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims any circuit court of this state shall have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ shall not be issued to enforce the terms of such order.
The trial court dismissed Mr. Merritt's petition, concluding that it lacked jurisdiction to issue a rule nisi. On appeal, the issue is whether the trial court erred in so ruling.
A rule nisi procedure is provided in the Workers' Compensation Law because workers' compensation claims courts do not have the authority to enforce their own orders. Frank v. Crawford & Co., 670 So.2d 117 (Fla. 4th DCA 1996). When considering a request for rule nisi relief, the circuit court is limited to a two-prong inquiry: (1) whether there is a final order in full force and effect, and (2) whether there has been a default under that order. Importantly, the procedure is not to be used to determine the merits of the underlying compensation order or to resolve factual disputes between the parties. Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525 (Fla. 4th DCA 1993); Venne v. Kleuver, 435 So.2d 350 (Fla. 3d DCA 1983) rev. denied, 443 So.2d 979 (Fla.1984).
Under section 440.15(10), Florida Statutes (1995), Promo Graphics was authorized unilaterally to reduce Mr. Merritt's workers' compensation benefits by the amount he received in social security benefits.[1] The authority to take a unilateral setoff was recognized by our supreme court in Department of Public Health, Division of Risk Management v. Wilcox, 543 So.2d 1253 (Fla.1989). In Wilcox, an employee was awarded temporary and permanent disability benefits. After the compensation order had been entered, the employer unilaterally applied a setoff for social security benefits, thereby reducing the weekly payments to the employee. On appeal, the employee urged that the employer had no authority to reduce the amount of the payment indicated in the compensation order without prior approval from the workers' compensation court. The supreme court disagreed, explaining that such setoffs were mandatory under both the United States Code and section 440.15. The court reasoned that, "[s]ince both the Florida employer and the Social Security Administration rely on the same information in determining the applicability of the setoff," the setoff provision in section 440.15(10) is self-executing and can be applied unilaterally by the employer. Id. at 1255.
Mr. Merritt acknowledges the holding in Wilcox but argues first that Promo Graphics cannot take advantage of the statutory setoff because the underlying workers' compensation order, which did not include any provision concerning the setoff, had already been appealed to and affirmed by the first district. In essence, Mr. Merritt maintains that Promo Graphics is barred from invoking the statutory setoff provision due to the application of the law of the case doctrine. We reject this argument because, as Mr. Merritt properly concedes, the compensation order affirmed by the first district contained no reference to setoff. We are not persuaded that the instant facts establish that Promo Graphics is estopped, as a matter of law, from applying the statutory setoff.
Secondly, Mr. Merritt argues that rule nisi relief is appropriate in this case because it is obvious that Promo Graphics improperly applied the setoff retroactively. Based upon the instant record, we conclude that it is both factually and legally unclear whether Promo Graphics has defaulted by withholding an improper setoff. In this regard, we note initially that it appears from the record before us that, when the appeal to *635 the first district was filed and while the appeal was pending, no workers' compensation benefits were paid to Mr. Merritt. However, by the time the appeal was resolved, Mr. Merritt had already begun to receive social security benefits. Apparently, once the first district issued its decision, Promo Graphics began to provide workers' compensation benefits to Mr. Merritt, including back payments which had accrued during the period of time the case had been on appeal. However, at the same time, Promo Graphics withheld a setoff from all of the payments due and owing to Mr. Merritt. In filing his petition for rule nisi, Mr. Merritt challenged the setoff, arguing that no setoff should have been taken out of the benefits which accrued from the date the initial compensation award was entered by the compensation claims court until the date that his receipt of the social security benefits began. In our view, Mr. Merritt's contention that Promo Graphics has improperly applied the setoff is inconsistent with his request for rule nisi relief since Promo Graphics insists that it correctly and prospectively applied the setoff as required in Wilcox. Resolution of this controversy requires both legal and factual determinations, including the determination of the date when the entitlement to setoff arose, as well as whether the amount of the setoff was calculated properly. As a result, the trial court properly concluded that resolution of these issues is beyond the limited rule nisi jurisdiction of the circuit court and must be resolved by the judge of compensation claims. See Santos v. K-Mart, 629 So.2d 1071 (Fla. 1st DCA 1994).
Finally, we address Mr. Merritt's argument regarding the propriety of providing payments directly to his wife for attendant care benefits. Mr. Merritt does not argue that attendant care benefit payments are not being paid. Such an argument would be cognizable in a rule nisi proceeding. Instead, he contends that such payments should be made directly to him, not to his wife, because if he and his wife should separate in the future he would not be compensated for attendant care. By asserting this argument, Mr. Merritt suggests that the circuit court engage in the detailed supervision of an employer's compliance, including the modification of orders when a change in care attendants occurs. Again, we agree with the circuit court that the issue of whether a compensation order should be modified exceeds the narrow scope of rule nisi jurisdiction and must be resolved by the judge of the compensation claims court.
We understand the reasoning behind the expansive application of rule nisi jurisdiction urged by the dissent. However, if that view were to be accepted, it would be a deterrent to the consistency and integrity of Florida's workers' compensation law. Under the dissent's view, questions regarding whether workers' compensation payments are subject to setoffs, how such setoffs must be applied, and whether care provider provisions should be modified could be decided by either the circuit court or the court of compensation claims. As a result, forum shopping could become routine practice. Such a result would certainly expand the scope of the rule nisi statute and deviate from its intended purpose.
Our rule nisi procedure is akin to the procedure used in obtaining an order of execution in that neither can be used to resolve factual disputes between the parties. Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525, 526 (Fla. 4th DCA 1993). In the instant case, the trial court properly understood this narrow scope of jurisdiction and correctly ruled that it did not have the authority to grant the relief requested. Accordingly, we affirm the circuit court's order dismissing Mr. Merritt's rule nisi petition.
AFFIRMED.
DAUKSCH, J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, Judge, dissenting.
The underlying order of the judge of compensation claims that Mr. Merritt seeks to enforce was issued in January 1994. It required payment to Mr. Merritt of temporary and permanent disability benefits. The order did not reference a setoff for social security benefits received by Mr. Merritt. The compensation order was appealed by the carriers *636 to the First District Court of Appeal, which affirmed without opinion. Promo Graphics, Inc. v. Merritt, 660 So.2d 716 (Fla. 1st DCA 1995). Contrary to the majority opinion, the record suggests that the carriers did raise the setoff issue on appeal to the First District.
The carriers apparently paid no benefits to Mr. Merritt while the appeal was pending. Thereafter Mr. Merritt was paid benefits but a sum claimed to constitute a setoff for amounts he had received in social security benefits was withheld. In an effort to challenge the propriety of the amount of the setoff, Mr. Merritt filed a petition for Rule nisi pursuant to section 440.24, Florida Statutes (1995), claiming that Promo Graphics had "failed to pay all the benefits due under the order." Section 440.24 provides, in part, that:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims ..., any circuit court of this state ... shall ... have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ ... shall not be issued ... to enforce the terms of such order....
The issue is whether Promo Graphics defaulted on its obligation to make payments under the terms of the compensation order, thereby invoking the circuit court's Rule nisi jurisdiction.
Under section 440.15(10), Florida Statutes (1995), Promo Graphics was authorized unilaterally to reduce Mr. Merritt's workers' compensation benefits by the amount he received in social security benefits. The setoff need not be ordered by the judge of compensation claims. Department of Public Health, Division of Risk Management v. Wilcox, 543 So.2d 1253 (Fla.1989).
In Wilcox, an employee was awarded temporary and permanent disability benefits. After the compensation order had been entered, the employer unilaterally applied a setoff for social security benefits, thereby reducing the weekly payments to the employee. On appeal, the employee urged that the employer had no authority to reduce the amount of the payment indicated in the compensation order without prior approval from the workers' compensation court. The supreme court disagreed, explaining that such setoffs were mandatory under both federal law and section 440.15. The court reasoned that, "[s]ince both the Florida employer and the Social Security Administration rely upon the same information in determining the applicability of the setoff," the setoff provision in section 440.15 is self-executing and can be unilaterally applied by the employer. Id. at 1255. The employer may take the setoff upon receipt of the employee's social security disability information from the Social Security Administration. Id.
Mr. Merritt's claim is that Promo Graphics improperly applied the setoff retroactively. The Supreme Court of Florida said in Wilcox, 543 So.2d at 1255, that the social security setoff can only be taken "prospectively." See also Horton v. Martin Memorial Hospital, 610 So.2d 1352 (Fla. 1st DCA 1992), rev. denied, 626 So.2d 207 (Fla.1993). What "prospectively" means in the context of this case has not been examined by the parties on appeal. The lower court declared it lacked jurisdiction, apparently accepting appellees' argument that, because the compensation order does not address the setoff issue, the propriety of the setoff amount could not be settled by the circuit court. There is no reason why the question whether the amount of the carrier's unilateral reduction of the sums ordered in the judgment based on the social security setoff cannot be determined by the circuit court, however. The supreme court authorized the "administrative" taking of the setoff because of the "reliability" and "simplicity" of the setoff procedure. If the carrier can take the setoff without obtaining an order of the court of compensation claims, it is anomalous that the claimant has to go there to contest the amount taken by the carrier.[1] The notion that the circuit court cannot determine the amount due is nonsense. The circuit court can make calculations *637 of proper setoffs from the amount awarded in the order. Alvarez v. Kendall Assocs., 590 So.2d 518 (Fla. 3d DCA 1991). These are narrow legal issues on a subject so straightforward that the court of compensation claims is not even supposed to bother with them. If the amount of social security setoff deducted by the carrier from the amount of the compensation order is correct, relief will be denied, but if the amounts deducted by the carrier are improper, a Rule nisi, with its attendant remedies, should be available to the injured worker to obtain payment. The fact that these issues are arcane does not equate to lack of subject matter jurisdiction.
NOTES
[1] Section 440.15(10) was enacted to prevent an injured worker from receiving windfall benefits from the receipt of both social security benefits and workers' compensation benefits. Department of Public Health, Division of Risk Management v. Wilcox, 543 So.2d at 1255. Among other things, the statute places the burden on the employer to determine the applicability of the setoff and authorizes the employer to take the setoff upon receipt by the employee of social security disability from the Social Security Administration.
[1] In Santos v. K-Mart, 629 So.2d 1071 (Fla. 1st DCA 1994), the First District confirmed that the claimant is entitled to a ruling on this issue from the judge of compensation claims, but nothing in the opinion suggests that relief must be sought here.