DONNER, AMY STEELE, Associate Judge.
Appellant appeals the judgment entered by the circuit court pursuant to his petition for rule nisi. In the rule nisi petition, appellant alleged that appellee had failed to pay wage loss benefits as ordered by the Judge of Compensation Claims (JCC).
In the underlying action before the JCC, the employer/carrier (E/C), appellees herein, took the position that appellant was not entitled to benefits because appellant voluntarily limited his income and failed to engage in a good faith work search. The JCC found that appellant’s early retirement did not terminate his eligibility for wage loss and that appellant had done a proper job search. The JCC also noted that the parties stipulated that the “maximum compensation rate” for the period of wage loss was $844.00/week. The court then ordered that “[t]he claim for wage loss benefits from March 1, 1990 through July 8, 1992 is ordered to be paid by the Employer/ Carrier.” The JCC also ordered that the E/C pay interest during the entire wage loss period. The order did not address the issue of whether the E/C was entitled to set-offs for any unemployment compensation or earned wages received by appellant during the wage loss period. It appears that issue was not before the JCC. The order of the JCC was affirmed on appeal.
Following that affirmance, the E/C paid appellant $48,366.40. This amount was intended to represent compensation of $344.00/week for the 123 week wage loss period ($42,312.00), plus $6,054.40 in interest. Appellant correctly pointed out to the E/C that $6,054.40 was not the correct interest on $42,312.00. The E/C then reexamined the claim and determined that it was entitled to a set-off for unemployment compensation and earned wages received by appellant during the wage loss period. Based on its calculations, the E/C determined that the wage loss for the compen-sable period under the order was actually $28,337.72. The E/C determined that the proper interest on this amount was $9,803.15. Therefore, the E/C determined that it had complied with the order of the JCC and had actually overpaid appellant. Accordingly, the E/C refused to pay appellant anything further.
Appellant then filed, in circuit court, the rule nisi petition which led to the order on appeal. Appellant’s position before the circuit court was that the prior order of the JCC required the E/C to pay appellant $344.00/ week for the entire wage loss period, plus interest, with no set-off for unemployment compensation or wages received by appellant during the compensa-ble period. The E/C’s position was that *1234 the circuit court was without jurisdiction to determine whether the E/C had properly applied the set-off, or alternatively, even if the court had jurisdiction, the set-off was properly taken and therefore the E/C had fully complied with the order of the JCC. The circuit court initially relinquished jurisdiction to the JCC in order for the JCC to determine whether the E/C was entitled to the set-off it had taken. The JCC declined to resolve the issue, finding that she did not have jurisdiction. Ultimately, the circuit court ordered that the E/C pay interest on the amount representing the full compensation for the entire period, but at the same time determined that the E/C was entitled to the set-off.
Appellant argues that the circuit court should have simply ordered the E/C to pay the maximum compensation rate for the entire wage loss period without consideration of the set-off. The E/C argues on cross-appeal that the trial court should have dismissed the petition because the circuit court was without jurisdiction to resolve the issue of whether the E/C was entitled to the set-off. We find that the E/C was entitled to unilaterally calculate the set-off following the order of the JCC, and the circuit court was without jurisdiction to determine the issue of whether the E/C properly calculated the set-off. Therefore, the court should have granted the E/C’s motion to dismiss for lack of jurisdiction.
Section 440.24, Florida Statutes, provides for the enforcement of compensation orders. It provides:
(1) In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the division or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.
§ 440.24, Fla. Stat. (1997).
The fifth district has addressed the extent of a circuit court’s jurisdiction in a rule nisi proceeding under this section. Merritt v. Promo Graphics, Inc., 691 So.2d 632 (Fla. 5th DCA 1997). In Merritt, the claimant obtained an order from the JCC requiring the employer to pay him temporary and permanent disability benefits. Id. The order did not include a provision pertaining to a set-off for social security benefits received by the claimant. Id. The order was appealed to the first district on other grounds and affirmed without opinion. The employer thereafter paid benefits to the claimant, but unilaterally withheld a sum it claimed constituted a set-off for the sum the claimant received in social security benefits. Id. In an effort to challenge the propriety of the set-off, the claimant filed a petition for rule nisi in the circuit court pursuant to section 440.24, claiming the employer “failed to pay all the benefits due under the order” Id. at 634. The trial court dismissed the petition, concluding it lacked jurisdiction to issue a rule nisi.
The fifth district first stated:
When considering a request for rule nisi relief, the circuit court is limited to a two prong inquiry: (1) whether there is a final order in full force and effect, and (2) whether there has been a default under that order. Importantly, the procedure is not to be used to determine the merits of the underlying compensation order or to resolve factual disputes between the parties.
*1235 Id. at 634 (citing Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525 (Fla. 4th DCA 1998)). The court then held that the circuit court did not have jurisdiction in the rule nisi proceeding to determine whether the employer properly took the set-off, stating:
Mr. Merritt’s contention that Promo Graphics has improperly applied a setoff is inconsistent with his request for rule nisi relief since Promo Graphics insists that it correctly and prospectively applied the setoff as required in Wilcox. Resolution of this controversy requires both legal and factual determinations, including the determination of the date when the entitlement to setoff arose, as well as whether the amount of the setoff was calculated properly. As a result, the trial court properly concluded that resolution of these issues is beyond the limited rule nisi jurisdiction of the circuit court and must be resolved by the judge of compensation claims.
Id. at 635.
The claimant in Merritt argued, as appellant here does, that the employer could not take advantage of the set-off because the underlying workers’ compensation order, which did not include any provision concerning the set-off, had already been appealed to and affirmed by the first district. Id. at 634. Thus, subsequent invocation of the statutory set-off would be barred by the law of the case doctrine. Id. The court in Merritt rejected this argument, because the compensation order affirmed by the first district contained no reference to a set-off. Id. Here, the underlying compensation order also did not contain a reference to any set-offs.
The court in Merritt explained that under section 440.15(10), the set-off for social security benefits was self executing and could be applied unilaterally by the employer. Id. at 634 (citing Department of Public Health, Div. of Risk Management v. Wilcox, 543 So.2d 1253 (Fla.1989)). Similarly, the first district has held that the section permitting a set-off for unemployment compensation, like the section allowing a set-off for social security benefits, is self-executing, “giving rise to a continuing right and responsibility on the part of carriers to compute the correct set-off at the time a payment of compensation is due.” Borden v. Butler, 377 So.2d 795 (Fla. 1st DCA 1979).
Although the holding in Merritt prevents a claimant from challenging a set-off in a rule nisi proceeding, it does not mean the claimant cannot challenge the set-off taken by the employer before the JCC. When employers take set-offs administratively, review by the JCC is always available to the employee. Santos v. K-Mart, 629 So.2d 1071 (Fla. 1st DCA 1994) (holding employee could always challenge employer’s administrative determination of a set-off for social security benefits).
Thus, we hold that the trial court exceeded its limited rule nisi jurisdiction by taking evidence on, and resolving, the issue of the E/C’s entitlement to a set-off for unemployment compensation and wages received by appellant. We reverse and remand, with instructions to the trial court to dismiss the petition for lack of jurisdiction without prejudice to appellant to seek review of the entitlement and amount of the E/C’s set-off before the JCC.
GUNTHER and FARMER, JJ., concur.