MAY, J.
Logic and reasoning are constrained by strict procedural limitations in this appeal. The employer appeals an order in a worker’s compensation dispute, requiring the employer to pay $19,032.72 to the claimant’s mother within seven days or deposit the money into the registry of the court. The employer argues that the trial court erred in finding the employer defaulted on compensation payments, pursuant to a stipulated order. We disagree and affirm.
In 1995, the claimant suffered a severe head injury while in the course and scope of his employment with the City of Hollywood. The parties entered into a stipulation where the employer “agree[d] to provide round the clock attendant care for the claimant, including twelve hours per day to be provided by [his mother] at the minimum wage rate, seven days per week.” In 1996, this stipulation was approved by an order entered by the judge of compensation claims (JCC). There has been no attempt to modify the order.
Following yet another injury, the claimant was transferred on May 17, 2007, to the Florida Institute for Neurological Rehabilitation (FINR), where he receives round the clock attendant care.[1] Subsequently, on June 1, 2007, the employer stopped making payments to the claimant’s mother[2] for attendant care. As a result, the mother filed a petition for benefits before the JCC. The JCC found that it did not have jurisdiction to enter an order enforcing the stipulated order because the proper remedy was for the mother to file a petition for writ of rule nisi in circuit court.
On September 5, 2007, the mother filed an unsworn petition for writ of rule nisi •with the circuit court, claiming that payment to her for attendant care benefits was unilaterally terminated by the employer on June 1, 2007. Specifically, the petition sought payment of attendant care for twelve (12) hours per day from June 1, 2007, and continuing at the state minimum wage rate.
The circuit court granted the mother’s petition for writ of rule nisi. The court found the employer in default of its obligations under the stipulation and ordered the employer to show cause why a writ of execution should not issue for the $19,032.72 due the mother for attendant care services for the period from June 1, 2007, through January 24, 2008. After hearing the employer’s response, the circuit court denied the employer’s motion for reconsideration and/or rehearing and entered an order requiring the employer to *1144 pay $19,032.72 to the mother within seven days or deposit the money into the registry of the court.
The battle in this case is between common sense and the procedural limitations of a writ of rule nisi. While the result seems absurd, the law limits the circuit court’s ability to achieve the logical result.
Section 440.24(1),[3] Florida Statutes (2007), provides the circuit court with jurisdiction to issue a writ of rule nisi, requiring the employer to show cause why a writ of execution should not be issued or “such other process or final order” to enforce orders of the JCC. That jurisdiction however is very limited. Sarakoff v. Broward County Sch. Bd., 736 So.2d 1232, 1235 (Fla. 4th DCA 1999) (resolution of factual issues is beyond the limited rule nisi jurisdiction of the circuit court).
When considering a request for rule nisi relief, the circuit court is limited to a two prong inquiry: (1) whether there is a final order in full force and effect, and (2) whether there has been a default under that order. Importantly, the procedure is not to be used to determine the merits of the underlying compensation order or to resolve factual disputes between the parties.
Id. at 1234 (quoting Merritt v. Promo Graphics, 691 So.2d 632, 634 (Fla. 5th DCA 1997)); see also Benedict v. Executive Risk Consultants, Inc., 616 So.2d 525, 526 (Fla. 4th DCA 1993). Until changed, altered, or modified by the JCC, the order must be enforced by the circuit court. See §§ 440.24, 440.28, Fla. Stat. (2007).
Here, the trial court first found the JCC’s 1996 order and stipulation was in full force and effect. Next, the trial court found the employer had defaulted under the order and stipulation by failing to continue to pay the mother for twelve hours of attendant care daily.
The trial court easily recognized that the employer may have had a good defense — providing attendant care is a condition precedent to the mother receiving payment — but an employer “may not defend against a rule nisi application by showing that it is justified in unilaterally suspending compensation. A justification defense which goes to the merits of the case is beyond the jurisdiction of the circuit court to consider.” Metro. Dade County v. Rolle, 661 So.2d 124, 126 (Fla. 1st DCA 1995) (quoting Allstate Ins. Co. v. Bollard, 527 So.2d 289 (Fla. 3d DCA 1988)).
The stipulation incorporated into the JCC’s order provided that: “The Employer/Carrier agrees to provide round the clock attendant care for the claimant, including twelve hours per day to be provided by [the mother] at the minimum wage rate, seven days per week.” The mother was paid for providing attendant care services to the claimant prior to his new injury. Those payments stopped two *1145 weeks after the claimant was transferred to FINR. The issue for the trial court was whether the employer defaulted when it unilaterally discontinued paying the mother.
Although the evidence produced by the employer at the hearing suggests that the mother ceased providing attendant care to the claimant after his admission to FINR, the effect of this change in circumstances is a factual issue which only the JCC has jurisdiction to decide. A rule nisi proceeding is not a forum for taking evidence as to whether the mother is fulfilling her obligation under the stipulation. See Sanders v. City of Orlando, 997 So.2d 1089, 1093 (Fla.2008) (“JCCs have exclusive subject matter jurisdiction over disputed workers’ compensation claim matters”).
Additionally, the parties read the stipulation and order differently.[4] The mother claims the stipulation does not require her to provide attendant care services as a condition precedent to being paid. Contrastingly, the employer argues that the stipulation plainly requires the mother to provide the claimant with attendant care services as a condition precedent to payment. The circuit court recognized this conflict in interpretation, but also correctly recognized that any ambiguity needed to be resolved by the JCC.
The circuit court correctly understood the parameters of its jurisdiction and adhered to its limited role of enforcing the existing order. Both the factual question of whether the mother was providing attendant care services, and the legal question of whether the provision of attendant care services was a condition precedent to payment are exclusively within the JCC’s jurisdiction. See id. We therefore affirm.

Affirmed.

POLEN, J., concur.
WARNER, J., dissents with opinion.

. The employer has continued to pay FINR for the claimant’s benefits.

. The claimant’s mother is also his legal guardian.

. Section 440.24(1), Florida Statutes (2007) specifically provides:
In case of default by the employer or carrier in the payment of compensation due under any compensation order of a judge of compensation claims or other failure by the employer or carrier to comply with such order within 10 days after the order becomes final, any circuit court of this state within the jurisdiction of which the employer or carrier resides or transacts business shall, upon application by the department or any beneficiary under such order, have jurisdiction to issue a rule nisi directing such employer or carrier to show cause why a writ of execution, or such other process as may be necessary to enforce the terms of such order, shall not be issued, and, unless such cause is shown, the court shall have jurisdiction to issue a writ of execution or such other process or final order as may be necessary to enforce the terms of such order of the judge of compensation claims.

. If more thought had been given to the wording of the stipulation, this litigation might have been avoided. As a member of this panel suggested at oral argument, the agreement should have included more definitive language. For example, the agreement could have limited the payments to the mother for "as long as [claimant] is in need of such attendant care,” or "as long as the mother provides such services.”